■ In the Matter of MARLENE GIACOMAN, Respondent, v. ENDRE L. BOER, Appellant.— Order of filiation and support, entered on March 2, 1964, affirmed, without costs. The record delineates a young, college-educated Ecuadorian female who had an affair with respondent, a young Hungarian, a nuclear physicist doing research at a university. They met through common friends in June, 1962 and on several occasions thereafter. Respondent denies the intimacies related by petitioner. Petitioner soon after her pregnancy admittedly informed respondent and sought his help and advice. Respondent acknowledges his advice was sought but denies he was accused by petitioner of his responsibility for her pregnancy. Petitioner, repulsed by respondent, sought the assistance of a priest and was referred to a Catholic agency whose aid and assistance was extended to her. Petitioner informed the agency that respondent was responsible for her condition; she then identified respondent on photographs produced by her. Respondent's alibi evidence in respect of the last act of intimacy on September 22, 1962 involves the credibility of all concerned, and was resolved in favor of petitioner. The evidence of respondent leaving the alibi witness at the 125th Street subway station does not exclude the possibility. that he arrived at petitioner's home on said date at a very late hour as claimed by petitioner. Respondent's testimony that he never hugged, kissed or fondled petitioner is incredible in the circumstances. Also incredible is his denial of petitioner's claim she immediately informed respondent of his responsibility although she then admittedly sought his assistance. There appears no other rational basis for petitioner's involvement of respondent. The resolution of the factual issues was peculiarly within the competence of the trial court who painstakingly heard the parties and the witnesses and had the decided advantage of observing their demeanor and conduct on the witness stand. (*Matter of Kingston* v. *Anhalt,* 14 A D 2d 544; *Matter of Powell* v. *Anonymous,* 18 A D 2d 911.) Concur — McNally, J. P., Stevens, Eager and Staley, JJ.; Steuer, J., dissents in the following memorandum: Petitioner in this filiation matter told a new and different story every time she was called upon to explain the details of the incidents involving the conception of her child. She claims the version she gave to the social worker assigned to her case by Catholic Charities is wholly false and she gave it because this lady was unsympathetic to her. On the contrary, it is apparent from the social worker's testimony that she was anxious to do whatever she could to help petitioner and that she never adopted a superior attitude toward petitioner on account of her predicament. She claimed that

prior to her three experiences with respondent she was a virgin with strong religious scruples against extramarital relations. Yet, she yielded to him with no thought of marriage or any marked degree of affection. Her conduct is not only inconsistent with her protestations, in the details of her erotic experiences her testimony is so contrary to be almost demonstrably false. Despite this, it is possible that respondent is the father of her child. There are very few cases indeed in which the trier of the facts can be certain of the validity of his findings, and perhaps no other class of litigation is perjury so prevalent. Wherefore the rule is that paternity can only be adjudged on testimony that is "entirely satisfactory" (*Commissioner of Public Welfare* v. *Ryan*, 238 App. Div. 607; *Commissioner of Public Welfare* v. *Kotel*, 256 App. Div. 352; *Matter of Brown* v. *Labus*, 19 A D 2d 554). Proof resting on unsupported testimony of a doubtful character from a source that concededly has little regard for the truth is not, in my opinion, entirely satisfactory. My colleagues admired the Trial Judge's conduct of the proceedings — a feeling which I share. Petitioner, in addition to being an untruthful witness, was a very difficult one — a combination which is not rare. The trial court dealt with her conduct admirably. However, to conclude from this that his determination of the issue was correct is unwarranted, as is the conclusion that because he saw and appraised the witnesses he was in a superior position to determine paternity. In the light of the proof, that question does not even arise. Before it is reached there must be satisfactory evidence, and the evidence here, even though it might possibly be true as to the eventual fact, does not approach that standard. I dissent and vote to reverse and dismiss the petition.