■ ANDREA AUGUSTINE, Respondent, v. FRANCIS J. TANDLE, JR., Appellant. — Order unanimously reversed, without costs, and new trial granted. Memorandum: In this filiation proceeding the trial court found that the appellant was the father of a male child born to petitioner out of wedlock on June 4, 1970 as the result of an alleged act of intercourse between the parties on August 7, 1969. Petitioner called respondent as a witness as part of her case. He asserted his privilege under section 531 of the Family Court Act and was excused. After petitioner rested respondent sought to testify as part of his case but was refused permission to do so by the court. Respondent through counsel then requested that petitioner's case be reopened and that the respondent be sworn as a witness for petitioner. This, too, was denied by the court. Section 531 of the Family Court Act states: "The mother or the respondent shall be competent to testify but the respondent shall not be compelled to testify." A practical reading of this section permits the respondent to refuse to testify when called as a witness by the petitioner and this refusal does not constitute a waiver of his right to testify later as part of his own case (see *Matter of Arlene W.* v. *Robert D.*, 36 A D 2d 455; *Matter of Commissioner of Social Servs.* v. *James S.*, 75 Misc 2d 971). We also conclude that the trial court failed to make adequate findings of fact as mandated in section 165 of the Family Court Act and CPLR 4213 (subd. [b]). As this court stated in *Matter of Hawthorne* v. *Edward S.* (31 A D 2d 426, 428) relative to a filiation proceeding: "We are impelled to emphasize the legal and practical necessity of an informative decision, to point out that the factors peculiar to a filiation proceeding require particular care in the evaluation of the evidence and in the preparation of detailed findings. There is a clear necessity for adherence on the part of the Family Court to comply with the requirement that a decision shall embody adequate findings (Family Ct. Act., § 165; CPLR 4213, subd. [b]; *Matter of Gray* v. *Rose*, 30 A D 2d 138; *Rodoe* v. *Noneus*, 23 A D 2d 212). Here, the court failed to translate its conslusions into intelligible form, and we write on this point to inform these courts of the clear requirements to be met." With respect to the requirement of CPLR 4213 (subd. [b]), this court has recently spoken in *Fischer* v. *Fischer* (45 A D 2d 917) as follows: "The conclusions reached by the trial court find ample support in the record. However, the decision pertaining to the award of alimony, child support and the direction of other payments does not comply with the requirements of CPLR 4213 (subd. [b]) which provides that a court's decision may be either oral or in writing 'and shall state the fact its deems essential'. While the statutory requirement does not mean that the court need set forth the evidentiary facts contained in the record, it should set forth those ultimate or essential facts relied upon in reaching its decision (*George* v. *George*, 34 A D 2d 888, 889).

We conclude on this record that the ultimate facts in support of the conclusions reached by the trial court are not sufficiently stated." Under these circumstances, a new trial should be had at which respondent should be permitted to testify and the court should make adequate findings. (Appeal from order of Ontario County Family Court.) Present — Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.