■ JULIUS M. LEWIS et al., Appellants, v ALBERT J. BERLEUE et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered April 17, 1974 in Schuyler County, upon a decision of the court at a Trial Term, without a jury. The instant dispute between the litigants, adjoining landowners, followed a 1971 survey which defendants had made prior to the purchase of their cottage property. The trial court concluded that the boundary line had not previously been the subject of "concern or controversy" and that the controlling instruments and the survey indicated defendants' ownership of the disputed area. Plaintiffs urge the boundary line was established as they contend by acquiescence over a long period of time in its practical location *(Baldwin v Brown,* 16 NY 359; *Konchar v Leichtman,* 35 AD2d 890). However, the element of acquiescence is lacking in the instant case in that there was not only no settlement of a boundary line but no indication, as the trial court noted, of there ever having been any dispute as to the line location *(Adams v Warner,* 209 App Div 394; *Mazzucco v Eastman,* 36 Misc 2d 648, affd 17 AD2d 889). Moreover, as the trial court again noted, there are no equitable considerations which would require a different result. Plaintiffs are deprived of nothing they ever openly claimed or were granted by deed and the defendants are receiving only what they, in fact, were conveyed and no more. We, therefore, find no basis to disturb the trial court's factual findings and legal determinations, and thus its judgment must be affirmed. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

■ In the Matter of ANTHONY C. JAY, as Deputy Commissioner of the Albany County Department of Social Services, Respondent, v ANDREW "Y", Appellant.—Appeal from an order of Family Court, Albany County, entered October 11, 1974, which adjudged appellant to be the father of petitioner's child. Petitioner was a recipient of financial assistance from the Department of Social Services and the proceeding is brought in her name by the Corporation Counsel of the City of Albany. Petitioner, a 17-year-old girl at the time of the birth of her child, testified that she met appellant in July of 1972 and, on September 3, 1972 and for about two weeks thereafter, lived with appellant at his home and had intercourse with him almost every night. As a result, she alleges, she became pregnant and a full-term baby was born June 10, 1973. Petitioner further testified that the appellant was the only person with whom she had sexual relations from September 3, 1972 until the birth of the child. The petitioner's mother testified that petitioner lived with the appellant for two weeks in September of 1972. The appellant, present in court with counsel, did not testify, and the testimony of his sister was of dubious probative effect. Under such circumstances, the trier of the fact may draw the strongest inference possible from petitioner's evidence against appellant *(Matter of W. v D.,* 36 AD2d 455). The allegations of the petitioner were proved by clear, convincing evidence, satisfactory to the Trial Judge who, of course, had the additional advantage of studying the witnesses as they testified ( *Matter of Giacoman v Boer,* 21 AD2d 873). Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.