■ In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v RICHARD UU, Appellant.—Appeal from an order of the Family Court of Broome County, entered May 17, 1976, which adjudged appellant to be the father of petitioner's child. Petitioner and appellant, although unmarried, lived together from 1960 until the summer of 1966 when appellant moved out. In September of 1966, appellant moved to another city but petitioner testified that from January to March of 1967 he

would stay with her on weekends during which time they engaged in sexual intercourse. As a result, she alleged, she became pregnant and a baby was born on December 8, 1967. Petitioner further testified that she informed appellant of her pregnancy and that thereafter in the summer of 1967 they resumed living together until the child was about six months old. Although petitioner has two other out-of-wedlock children by different men and a third admittedly fathered by appellant, petitioner stated that she had not had relations with other men during her entire relationship with appellant. Petitioner's previous landlord corroborated much of petitioner's testimony. Appellant did not testify and his mother who did testify offered no real contradiction of petitioner's testimony. After careful examination of the entire record we are of the opinion that petitioner sustained her burden of establishing appellant's paternity by clear and convincing evidence *(Matter of Lopez v Sanchez,* 34 NY2d 662). We have considered appellant's remaining arguments and find them unpersuasive. The order, therefore, should be affirmed (see *Matter of Jay v Andrew Y,* 48 AD2d 716). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.