■ In the Matter of BABYLON UNION FREE SCHOOL DISTRICT, Respondent, v FRANK ARENA, as President of the Babylon Teachers Association et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, dated February 23, 1977, which granted the application. Order affirmed, without costs or disbursements. This dispute arose when the petitioner-respondent denied the request of respondent-appellant Kalfus, a teacher and member of the appellant Babylon Teachers Association, for sabbatical leave. Pursuant to the collective bargaining agreement in effect between the petitioner and the association, Kalfus filed a grievance, which stated, in part: "I hereby submit this grievance requesting that the Board of Education reconsider the merits of my proposal and grant my request." The grievance moved through the first four prescribed stages, with Kalfus failing to obtain the requested relief. Kalfus then demanded arbitration, pursuant to article X of the collective bargaining agreement, citing as the nature of the dispute, the petitioner's alleged violation of section 2 of article VIII of the agreement, dealing with sabbatical leave policy. The petitioner seeks to stay the arbitration on the ground that there is no valid agreement providing for the arbitration of the dispute which has arisen. In support of its application petitioner relies heavily upon article VIII (§ 2, par F) of the agreement, which provides: "A written application, completely detailing reasons and plans for sabbatical leave, shall be made to the Superintendent prior to February first of the preceding fiscal year. The Professional Council shall review these applications and make recommendations for the granting of sabbatical leave through the Superintendent to the Board of Education. *In all cases the decisions of the Board of Education shall be absolutely final"* (emphasis supplied). Special Term found this provision sufficient to indicate that the grant or denial of sabbatical leave was exempt from the arbitration clause of the agreement and, accordingly, granted the petitioner's application. We agree with that result, but our reasoning is somewhat different. The appellants argue that the petitioner's retention of final authority to grant or deny sabbatical leaves does not mean that all disputes related to sabbaticals are nonarbitrable. They contend that the instant grievance does not raise the question of the petitioner's final authority, but rather raises the question whether the petitioner, in exercising its power, violated bargained-for rights by failing to comply with the sabbatical leave clause of the agreement. As a general proposition, we agree that the agreement does not, per se, exclude all sabbatical-related questions from arbitration. Pursuant to article X (§ II, subd E, par V) of the agreement, only the denial of tenure and the non-re-employment of probationary teachers are nonarbitrable disputes. Other disputes relating to bargained-for rights may be arbitrable, depending upon whether they comply with article X (§ II, subd E, par VI) of

the collective bargaining agreement, which provides the following limitation: "It is the intent of the parties hereto to provide herein for the binding arbitration of 'agreement grievances,' not 'personal grievances.' The arbitrator shall have only the power to interpret what the parties to the agreement intended by the specific clause or language of this agreement which is in dispute." The appellants, in contending that his dispute concerns the violation of bargained-for rights, are attempting to characterize Kalfus' grievance as an agreement grievance. However, we are unable to find any support in the record for this assertion. There is no indication that the petitioner's decision denying the requested sabbatical leave jeopardizes the bargained-for right to sabbatical leave of Babylon's teachers as a whole. The very wording of the grievance indicates that it seeks merely a reconsideration of the merits of Kalfus' own request. In other words, it is a personal grievance and, as such, is expressly nonarbitrable. Furthermore, since the arbitrator's authority is expressly limited to interpretation of what the parties intended by a specific clause of language in the agreement, it is clear that he would be without jurisdiction to grant the relief sought herein, to wit, sabbatical leave. Accordingly, arbitration was properly stayed (cf. *Board of Educ. v Lakeland Federation of Teachers, Local 1760, Amer. Federation of Teachers, AFL-CIO*, 54 AD2d 571, revd 42 NY2d 853). Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.