■ NANCY V., Respondent, v RAYMOND E. C., Appellant.—In a paternity proceeding, the appeals are from (1) an order of the Family Court, Nassau County, entered October 16, 1978, which, after a hearing, adjudged appellant to be the father of petitioner's child and (2) an order of the same court, entered November 3, 1978, which directed appellant to pay $20 per week for the support of the child. Appeal from the order entered October 16, 1978, dismissed, without costs or disbursements. The order is not an "order of disposition" (see Family Ct Act, § 1112) and is reviewed on the appeal from the order entered November 3, 1978. Order entered November 3, 1978 affirmed, without costs or disbursements. Although appellant admitted having sexual relations with petitioner over a one-year period, he denied having such relations with her during the time critical to conception. Nevertheless the only evidence of access by other men during the critical period was uncorroborated, and therefore inadmissible (Family Ct Act, § 531). Where the determination rests basically on a resolution of credibility the finding of the Trial Judge, sitting without jury, is accorded great weight (see *Matter of Susan W. v Amhad Q.,* 65 AD2d 594). The evidence was sufficient to prove paternity. Hopkins, J. P., Lazer, Gibbons and Rabin, JJ., concur.

■ In the Matter of BABYLON UNION FREE SCHOOL DISTRICT, Respondent, v FRANK ARENA, as President of the Babylon Teachers Association, et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, dated March 20, 1979, which, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements (see *Matter of Babylon Union Free School Dist. v Arena,* 59 AD2d 760, 761). Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.