JOAN FERRO, Appellant, v DAVID BERSANI, Respondent. — Order unanimously reversed, petition granted, with costs, and matter remitted to Family Court, Erie County, to determine support payments and to fix counsel fees. Memorandum: Petitioner appeals from an order dismissing her petition, but respondent did not cross-appeal from the trial court's ruling at the close of petitioner's evidence denying his motion to dismiss the petition because it was not brought within two years of the birth of the child (Family Ct Act, § 517, subd [a]). Inasmuch as that ruling was adverse to respondent and, if reversed, would entitle respondent to prevail, we hold that despite respondent's failure to cross-appeal we have jurisdiction to entertain respondent's contention that the court

erred in denying his motion to dismiss at the close of petitioner's proof (CPLR 5501, subd [a], par 1; *Kulaga v State of New York*, 37 AD2d 58, 62-63, affd 31 NY2d 756; 10 Carmody-Wait 2d, NY Prac, § 70:337, p 607; Siegel, New York Practice, § 530, pp 734-735). We note, nevertheless, that respondent would have been well advised to cross-appeal and thus have avoided this question (see Practitioner's Handbook for Appeals to the Appellate Divisions of the State of New York, p 38). The basis for the court's denial of respondent's motion was that the evidence shows that respondent furnished support for petitioner's child, which excepts the case from the two-year Statute of Limitations (Family Ct Act, § 517, subd [a]). The record amply supports that ruling. Despite respondent's action in supporting the child, the court dismissed the petition because of evidence depreciating petitioner's credibility and indicating that at one time she expressed doubt as to the identity of the father. Such evidence came from a sister of petitioner and the sister's husband. Their cross-examination shows that they were unfriendly to her and no more credible than she. The undisputed evidence is that for 12 years (1966-1978) petitioner lived as respondent's "kept woman". At all times respondent was married. Petitioner was separated from her husband and after three years of this relationship she was divorced in 1969. Respondent took her and her children to Canada on trips for a week or two at a time. In the middle of those years, in 1972, she gave birth to a son, David, whom respondent recognized as his son. There is no evidence that during all those years petitioner had sexual relations or even social relations with any other man; in fact the evidence is strongly to the contrary. Respondent drove petitioner to the hospital when the child was born; he passed out cigars and gave gifts to the doctor and the nurses at that time and he held the baby. He bought a home for petitioner to live in with her three daughters by prior unions and son David; and except for petitioner's meager earnings and welfare benefits he maintained the household. He bought a crib, baby carriage, furniture, clothes and other gifts for David. He installed a swimming pool on that property especially for David; and for years he supplied food from his restaurant for the family, including lobster and filet mignon, and regularly specified that David be preferred with the lobster. He bought fur coats for David, he introduced David, whom he generally called "Duke", to acquaintances as his son, and David called him "Dad" and "my Dad". Respondent attended at the trial but did not take the stand to deny any of the testimony given by petitioner and her witnesses, including two of her older children. The direct evidence in this record of respondent's paternity cannot be overcome by the mere innuendo of witnesses who appeared to be biased and certainly no more credible than petitioner. The evidence is clear and convincing and entirely satisfactory that respondent is the father of David (see *Swanson v Karner*, 77 AD2d 811). (Appeal from order of Erie County Family Court — paternity.) Present — Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.