In the Matter of GUADALUPE M. SEEBERG, Appellant, v
EDDY R. DAVIS, Respondent.

First Department, January 7, 1982

**APPEARANCES OF COUNSEL**

*E. Patricia Somerset, P.C.,* for appellant.

*Albert Levine* for respondent.

**OPINION OF THE COURT**

MURPHY, P.J.

This proceeding was brought to establish filiation. At the filiation hearing, the petitioner testified that she had sexual intercourse with the respondent on 25 to 30 occasions during the period April, 1978 through June, 1979. Petitioner testified that conception occurred on May 31, 1979, after she had intercourse with the respondent. The child was born on February 24, 1980. When petitioner told the respondent that she was pregnant, he suggested that she have an abortion. The petitioner did admit that, on or about September of 1978, she had sexual intercourse with an individual named Nicholas Gray.

The respondent conceded that he had intercourse with the petitioner on approximately 15 to 20 occasions during their relationship. He did not deny that he had intercourse with the petitioner on May 31, 1979. Respondent confirmed that petitioner had informed him of her pregnancy and

that he recommended that she have an abortion. During that conversation, petitioner allegedly told respondent that she was "seeing" her old boyfriend.

The trial court stated in its opinion that it believed that the parties had intercourse during the crucial period bounding upon conception. However, the court further stated that it was not persuaded that respondent was the only man with whom the petitioner had intercourse during that period. This conclusion was apparently based upon the fact that the parties lived apart and saw one another infrequently. Moreover, the court noted that petitioner had no qualms about casual relationships.

The petitioner had the burden of establishing respondent's paternity by clear and convincing evidence. (*Matter of Lopez v Sanchez,* 34 NY2d 662.) Normally, the determination as to paternity rests basically on a resolution of credibility; accordingly, a finding of a trial court, sitting without a jury, is accorded great weight. (*Matter of Nancy V. v Raymond E. C.,* 75 AD2d 599.) However, where the evidence in a particular case compels a different conclusion, the Appellate Division will not hesitate to reverse a determination of a trial court sitting without a jury. (*Matter of Espin v Pierce,* 85 AD2d 503; *Matter of Joan G. v Robert W.,* 83 AD2d 838.)

The respondent in this proceeding did not deny that he had sexual intercourse with the petitioner on or about the conception date of May 31, 1979. Therefore, that fact must be deemed admitted by the respondent.

Inquiry must then turn to the issue of whether any other individual had access to the petitioner during that critical period. The petitioner admitted that she had intercourse with one Nicholas Gray on or about September of 1978. Nonetheless, there is no proof in the record that any relationship continued between petitioner and Gray past that casual encounter on the Labor Day weekend, 1978. It should be stressed that the proof indicated that their relationship terminated about nine months before the conception date.

At most, the record contains testimony from respondent that petitioner had stated that she was "seeing" her old boyfriend at or about the time of conception. However, this

testimony of respondent was not competent on the issue of the boyfriend's accessibility to petitioner because there was no corroboration of other facts and circumstances tending to prove such access. (Family Ct Act, § 531; *Matter of Dorn "HH" v Lawrence "II"*, 31 NY2d 154, app dsmd *sub nom. Fuchs v Silvester,* 409 US 1121.)

Even though the petitioner had the continuing burden of establishing her case by clear and convincing proof, respondent's tacit admission of intercourse on or about the date of conception obligated him to go forward with some competent proof to show access to petitioner by another individual during that period. (*Matter of Joan G. v Robert W.,* 83 AD2d 838, *supra.*) The respondent did not name the "boyfriend" nor did he otherwise introduce any rebuttal evidence of substance. While the record does disclose petitioner's casual relationship with Gray and a more extended relationship with respondent, it is totally speculative to conclude therefrom that she was necessarily having intercourse with more than one individual at the time of conception. Although the trial court undoubtedly believed that petitioner was having intercourse in the critical period with an undisclosed person, that conclusion may not be fairly drawn from this record.

Based upon the unrebutted evidence that clearly and convincingly demonstrated an extended sexual and social relationship between the parties, the petition to declare respondent's filiation should have been granted. Accordingly, the order of the Family Court, New York County (MARKS, J.), entered September 16, 1980, dismissing the petition, should be reversed, on the law and the facts, the petition should be granted, and the matter should be remanded for a hearing on the issue of support, without costs.

KUPFERMAN, SULLIVAN and LYNCH, JJ., concur with MURPHY, P. J.; MARKEWICH, J., concurs on constraint of *Matter of Espin v Pierce* (85 AD2d 503).

Order, Family Court, New York County, entered on September 16, 1980, unanimously reversed, on the law and the facts, the petition to declare respondent's filiation granted, and the matter remanded for a hearing on the issue of support, without costs and without disbursements.