■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF ERIE COUNTY, on Behalf of VANESSA SCOTT, Appellant, v BERNARD SIMONS, Respondent. — Order unanimously reversed, on the law and facts, without costs, petition granted, and matter remitted to Erie County Family Court for further proceedings in accordance with the following memorandum: We disagree with Family Court that petitioner failed to establish paternity by clear and convincing evidence. The evidence established beyond doubt that respondent had intercourse with petitioner on February 9, 1979. A full-term male child was born on October 31, 1979. The period of 265 days from the date of conception to the date of birth is well within the practical range of normal period of gestation (see *Matter of Erie County Comr. of Social Servs. v Boyd,* 74 AD2d 728). In relying on the range stated in *Matter of Morris v Terry K.* (70 AD2d 1031), Family Court failed to distinguish between the range for the duration of pregnancy and the range for the period of gestation. Family Court also erred in its determination that persons other than respondent had relations with petitioner during the period in question. Petitioner testified that she had no relations with anyone else from December, 1978 through March, 1979. Respondent's sister, while corroborating that respondent had sexual relations with petitioner on February 9, testified that in December, 1978 petitioner told her that she had sexual relations with the father of her first child. The sister also testified that she has seen two other men in petitioner's apartment in December and that one of those men was patting and touching petitioner "in a sexual way" on two occasions. She stated further that she saw two or three different men go to the apartment, although she could not say whether or not they stayed. Where the determination in such proceedings rests basically on a resolution of credibility, appellate courts generally accord great weight to the findings of the Trial Judge (see *Nancy V. v Raymond E.C.,* 75 AD2d 599; *Matter of Susan W. v Amhad Q.,* 65 AD2d 594; *People v Kelly,* 20 AD2d 740). However, where the evidence in a particular case compels a different conclusion, an appellate court will not hesitate to reverse a determination of a trial court (*Matter of Seeberg v Davis,* 84 AD2d 262, 263). The direct evidence of paternity in the record cannot be overcome by the mere innuendo of access by others. In addition to the familial relationship between respondent and his sister, the sister admitted that she and petitioner, who had been close friends, had had an argument in December. Her credibility was certainly no better than petitioner's (see *Ferro v Bersani,* 78 AD2d 1010). Even if it was true that petitioner told respondent's sister that she had intercourse in December, 1978, the evidence established that petitioner subsequently had a menstrual period. There was no evidence of other sexual relations on the part of petitioner. Respondent, who was present, failed to testify to refute the proof against him and thus the strongest inference can be drawn against him (*Matter of Jay v Andrew "Y",* 48 AD2d 716; *Matter of Arlene W. v Robert D.,* 36 AD2d 455). We thus find that the evidence is clear and convincing that respondent is the father (see *Ferro v Bersani, supra,* p 1011), and accordingly remit to Family Court for the purpose of fixing the amount of support which respondent must pay (see *Matter of Commissioner of Social Servs. of County of Erie v Gibson,* 78 AD2d 981). (Appeal from order of Erie County Family Court, Honan, J. — paternity.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.