■ MICHAEL S. ZUPPA, an Infant, by SUSAN ZUPPA, His Mother and Natural Guardian, et al., Appellants, v BISON DRYWALL & INSULATION COMPANY, INC., Respondent. — Order unanimously affirmed, without costs. Memorandum: Special Term correctly vacated the default judgment. The summons and complaint were delivered to the Secretary of State who forwarded them to defendant, but the envelope was returned marked "addressee unknown." Since defendant never had actual notice of the pending lawsuit, it is entitled to have the default vacated, having made a showing of a meritorious defense (CPLR 317; *National Bank of Northern N. Y. v Grasso,* 79 AD2d 871). It is irrelevant that defendant failed to demonstrate a reasonable excuse for not filing a change of address with the Secretary of State, for while such a failure might preclude relief pursuant to CPLR 5015, it will not preclude relief pursuant to CPLR 317 (*Meyer v Fisher & Sons Dental Lab.,* 90 AD2d 889; *Cecelia v Colonial Sand & Stone Co.,* 85 AD2d 56). (Appeal from order of Supreme Court, Erie County, Mattina, J. — vacate default judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, on Behalf of KAREN SCHENK, Appellant, v KENNETH MICHEL, Respondent. — Order unanimously reversed, on the law and facts, without costs, petition granted, and matter remitted to Erie County Family Court, for further proceedings in accordance with the following memorandum: Family Court erred in dismissing the petition in this filiation proceeding without making findings of fact (*Augustine v Tandle,* 47 AD2d 710; see *Matter of Hawthorne v Edward S.,* 31 AD2d 426, 428); nevertheless there is a sufficient record before us to make our own findings (see *Matter of Espin v Pierce,* 85 AD2d 503). Petitioner testified that she had sexual intercourse with respondent on a regular basis from May to November of 1977 and that she had not had sexual relations with anyone else during that period. The pregnancy was full term, the child weighing eight pounds, four ounces at its birth on August 4, 1978. Thus the period of conception must have been late October or early November. There is no proof of access by anyone else nor any rebuttal of petitioner's testimony that she was having sexual relations with respondent during that period. Respondent was present in the courtroom but failed to testify and thus the strongest inference can be drawn against him (see *Matter of Bowling v Coney,* 91 AD2d 1195; *Matter of Commissioner of Social Servs. of Erie County v Simons,* 87 AD2d 993; *Matter of Jay v Andrew "Y",* 48 AD2d 716). We thus find that respondent's paternity is established by clear and convincing evidence (see *Matter of Commissioner of Social Servs. of Erie County v Simons, supra; Matter of Espin v Pierce,* 85 AD2d 503, *supra; Ferro v Bersani,* 78 AD2d 1010) and remit the matter to Erie County Family Court for a hearing on the issue of support. (Appeal from order of Erie County Family Court, Sedita, J. — paternity.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of FREEMAN B., a Person in Need of Supervision. — Order unanimously reversed, without costs, and petition dismissed. Memorandum: Upon a review of the record, we determine that the testimony of the petitioner concerning her son's failure "to come home on time" was not sufficiently specific to constitute proof beyond a reasonable doubt that the respondent was "incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent" (Family Ct Act, § 712, subd [b]; *Matter of Richard S.,* 27 NY2d 802; *Matter of David N.,* 92 AD2d 739). We determine also that there was no competent evidence of truancy. (Appeal from order of Erie County Family Court, Sedita, J. — Family Ct Act, art 7.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.