■ In the Matter of JULIE UU., Appellant, v JOSEPH VV. Respondent. — Yesawich, Jr., J. Appeal from an order of the Family Court of Washington County (Leary, J.), entered August 8, 1983, which dismissed a petition seeking a declaration that respondent was the father of petitioner's child.

In this paternity proceeding, petitioner charges that respondent impregnated her on September 9, 1981 and that 283 days later, on June 19, 1982, she gave birth to a son. At the nonjury trial, both parties acknowledged that they dated on a regular basis and frequently engaged in sexual intercourse from July of 1981 until August 5, 1981, when respondent was confined to the Washington County Jail as an inmate, and that petitioner visited respondent throughout his confinement and received amorous letters from him. Petitioner testified that on the evening of September 9, 1981, the date of respondent's release from jail, she and respondent engaged in sexual intercourse in a cabin belonging to her brother. However, respondent testified that when he was released, he learned that petitioner had been seeing other men while he had been incarcerated and that he then unilaterally decided to end their relationship. Respondent denied being sexually intimate with petitioner on September 9, 1981 or at any time thereafter.

It is undisputed that the parties had no further contact until October 7, 1981 when, in a brief meeting, petitioner informed respondent that she was pregnant and he counselled against abortion; strangely, paternity was not discussed. According to petitioner, advising respondent of her pregnancy caused their relationship to cease; she offered no explanation for the lapse in their relationship between September 9 and October 7, 1981.

Lawrence Stoddard, an acquaintance of both parties, testified that during a conversation with petitioner in December 1981 or January 1982, she confided to him that she was pregnant but was uncertain of the child's father. This testimony was neither controverted nor denied.

Family Court found petitioner's evidence, which included a human leucocyte antigen (HLA) test result indicating a 98.44% possibility that respondent fathered her child, inconclusive of paternity and dismissed the petition. Family Court's decision was determined by petitioner's lack of veracity and her failure to introduce medical testimony explaining the plausibility of the birth of the child 17 days beyond the normal 266-day gestation period, as calculated from the claimed date of conception. Petitioner appeals.

Clear and convincing evidence of paternity is a prerequisite for a declaration of paternity. If that evidence is conflicting, the

findings of a Trial Judge, sitting without a jury, as to the credibility of witnesses are entitled to great weight (*Matter of Denise UU. v Frank VV.*, 87 AD2d 686, 687; *Nancy V. v Raymond E. C.*, 75 AD2d 599). It is only when the evidence presented *compels* a different result that those findings should be ignored (*Matter of Seeberg v Davis*, 84 AD2d 262, 263). As that circumstance is not present here, Family Court's determination with respect to the credibility of the witnesses should not be disturbed.

With petitioner's testimony discredited, the HLA test results indicating that respondent was "very likely" the father provide the sole basis for declaring his paternity. Such tests are, however, but one factor to be taken into account and have yet to be regarded as conclusive and unanswerable evidence of paternity (*Matter of Commissioner of Social Servs. v Stephen H.*, 94 AD2d 936).

The controversy here related to the date when sexual intercourse occurred. Given that respondent's version, that the parties last engaged in intercourse before petitioner's mid-August menstrual period, was accepted by Family Court, as it was, respondent could not be the child's father and medical testimony explaining the length of petitioner's pregnancy was irrelevant and inessential (*see, Matter of Apuzzo v Slesinski*, 97 AD2d 615).

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.