(February 20, 1986)

■ In the Matter of COMMISSIONER OF FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v CLARENCE F., Appellant. (And Another Related Proceeding.)—Levine, J. Appeal from two orders of the Family Court of Franklin County (Plumadore, J.), entered February 4, 1984, which granted petitioners' applications, in proceedings pursuant to Family Court Act article 5, to adjudicate respondent as the father of two children born to petitioner Brenda M.

Paternity proceedings were commenced claiming that respondent was the father of two sons born to petitioner Brenda M. on December 6, 1980 and January 30, 1982. At the filiation hearing, Brenda testified that she and respondent began living together in 1977 and maintained a relationship until 1982. Although respondent worked out of town for the last two to three years, she claimed that he visited her on weekends, that they lived together as a family and that she had no relations

with other men for that time period. Respondent testified that although he and Brenda had a sexual relationship and slept in the same bed from 1978 through 1982, they did not actually engage in sexual intercourse after 1978 because she was not using any means of birth control. The results of human leucocyte antigen (HLA) blood tissue tests were admitted into evidence and showed that the probability of respondent's paternity was 95.1% for the child born in 1980 and 99.95% for the child born in 1982. Family Court adjudicated respondent to be the father of the children and this appeal ensued.

We affirm. Respondent's claim that the determination of paternity was not based upon clear and convincing evidence is not persuasive. A determination of paternity rests basically upon a resolution of the credibility of the parties (Matter of Seeberg v Davis, 84 AD2d 262, 263). Here, Family Court credited Brenda's testimony rather than respondent's. That determination of the court sitting without a jury is to be accorded great weight (supra). Additionally, the HLA tests which were also relied upon by the court are "highly accurate on the issue of paternity" (Matter of Karen K. v Christopher D., 86 AD2d 633, 634).

Respondent's contention that the periods of gestation for the children constituted substantial deviations from the norm, and therefore had to be explained by expert medical evidence, is also unavailing. Respondent did not raise this issue at the hearing and is precluded from arguing it on appeal (see, Costikyan v Keeffe, 54 AD2d 573).

Orders affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.