■ In the Matter of COMMISSIONER OF SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of COLLEEN Y., Respondent, v DAVID Z., Appellant.—Levine, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered April 4, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of Colleen Y.'s child.

This filiation proceeding was commenced on behalf of Colleen Y. (hereinafter petitioner) to establish that respondent is the father of her child born out of wedlock on June 28, 1985. A hearing was held in which petitioner testified that she and respondent had sexual relations on a regular basis from September 1, 1984 until October 10, 1984, when their relationship ended. She also testified that contraceptives were used only 50% of the time and that her last menstrual period was from September 14, 1984 to September 19, 1984. According to petitioner, she missed her next menstrual period which was

due on October 10, 1984. On October 26, 1984, she received a positive result from a pregnancy test and notified respondent of this. Petitioner also admitted that she became intimate with another man beginning in mid-October, approximately one week after her missed menstrual period.

Respondent, who also testified at the hearing, acknowledged having sexual relations with petitioner in late August and early September 1984, but maintained that their relationship ended on September 10, 1984 and that he never had intercourse with her after that date. Respondent's sister-in-law testified to a telephone conversation she had with petitioner the day after the child was born in which petitioner allegedly stated that she wasn't sure that respondent was the father. The results of a human leucocyte antigen (HLA) test were also admitted without objection. This test revealed a probability of respondent's paternity of 99%. After the hearing, Family Court found that respondent's paternity had been established and this appeal ensued.

We affirm. Respondent's contention that petitioner failed to meet the burden of proving paternity by clear and convincing evidence is without merit. Petitioner's evidence, if believed, established that (1) she and respondent engaged in sexual relations without contraceptives during late September and early October 1984, the critical period for conception; (2) petitioner's next menstrual period, which was due on October 10, 1984, never came; (3) no man other than respondent had access to her during the critical period; and (4) a significant probability of respondent's paternity as shown by the results of the HLA test. If credited, this evidence was sufficient to sustain petitioner's burden of proving paternity by clear and convincing evidence.

Respondent contends that inconsistencies between petitioner's testimony at the hearing and her earlier statements contained in the bill of particulars made her unworthy of belief. These earlier statements indicated that she had first informed respondent that she thought she was pregnant on September 10, 1984 and that she had used contraceptives on all but one occasion. However, as Family Court noted in its decision, petitioner provided a credible explanation for each discrepancy and her testimony was accepted by the court. As the foregoing indicates, respondent's argument concerns pure issues of credibility. Family Court's resolution of credibility issues is entitled to great weight (see, e.g., Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F., 117 AD2d 877, 878). Indeed, as we have stated, "[i]t is only

when the evidence presented *compels* a different result that those findings should be ignored" *(Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1039 [emphasis in original]). On the record before us we cannot say, as a matter of law, that Family Court was in error in crediting petitioner's testimony.

Respondent also claims that petitioner's failure to call additional witnesses to corroborate her contention that their relationship continued into October permits a negative inference to be drawn against petitioner. However, it is apparent that respondent also failed to call certain witnesses who might have corroborated key events in his version of the facts. Accordingly, we do not perceive this as a basis for disturbing Family Court's ruling in this matter.

Order affirmed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.