■ In the Matter of DAVID CC., Appellant, v ROSE GG., Respondent.—Yesawich, Jr., J. Appeal from an order of the Family Court of Essex County (Garvey, J.), entered March 31, 1987, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate petitioner as the father of respondent's child.

In this paternity proceeding petitioner maintains that he fathered respondent's 7-pound, 9-ounce child born on July 19, 1979. Although he avers in his petition that the parties had sexual intercourse on several occasions in October of 1978, petitioner's testimony, like that of respondent's, is that sexual contact was had on only one occasion. Petitioner swore that was in October or November 1978, while respondent testified that it occurred on August 30, 1978, the week she was celebrating her birthday, and that she then experienced a normal menstrual period in September and a shorter one the following month.

The record also discloses that while respondent's husband had no access to her in October, that was not the case earlier, and further, that the child bears the husband's name. And while the parties disagree with respect to whether respondent told petitioner he was indeed the father, an Essex County child support unit investigator testified that when respondent applied for public assistance and identified petitioner as the father, he denied even having had relations with respondent. In dismissing the petition, Family Court found a "total lack of credible evidence to support * * * petitioner's allegations that he is the father". We affirm.

Where, as here, only credibility issues are presented and the evidence cannot be said to compel a different result than that arrived at by Family Court, we deem it judicious to defer to that court's judgment (see, *Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882, 883). The fact that the result of a human leucocyte antigen test sought by petitioner and received in evidence revealed a probability of petitioner's paternity of 98.6% does not detract from Family Court's determination, for such tests are simply another factor—not yet recognized as conclusive—to be taken into account in deciding the question of paternity (see, *Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1039).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.