■ In the Matter of COMMISSIONER OF SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ADA F., Respondent, v CHARLES G., Appellant.—Levine, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered March 18, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Ada F.

This instant proceeding was brought by petitioner to establish the paternity of a male child born to Ada F. (hereinafter petitioner) on December 24, 1982 following a full-term pregnancy. Hearings on the petition were held by Family Court on October 8 and 19, 1987, and January 5, 1988. Following the conclusion of the hearings, Family Court rendered a decision finding that respondent's paternity of the child had been established and granted an order of filiation. This appeal followed.*

The order of filiation should be affirmed. Petitioner testified that she and respondent began dating in August 1980, shortly thereafter engaged in sexual relations on a regular basis, and continued to be sexually involved until late April 1982. It was then that she first informed him of the positive results of a pregnancy test the same day. She also testified that she had engaged in no relations with anyone else during the entire period of her liaison with respondent. She had ceased taking birth control pills in December 1981 because of experiencing high blood pressure, and so informed respondent. The parties did not practice any other method of preventing conception. There was also proof submitted that, from the summer of 1983 until the end of that year, respondent voluntarily paid child support and for six months thereafter he subsidized petitioner and the child's living expenses by providing them with housing at a substantially reduced rental. During that period he exercised regular visitation with the child. In addition, he sent the child gifts on appropriate occasions and had a Christmas card sent on his behalf signed, "love, Daddy". The results of an HLA test revealed an 86.4% probability of paternity.

The foregoing evidence was amply sufficient to support Family Court's finding of paternity. As in so many filiation

---

* Although the order of filiation is not appealable as of right *(see, Matter of Jane PP. v Paul QQ.,* 64 NY2d 15), we grant respondent leave to appeal the order *sua sponte.*

proceedings, the case came down to a resolution of the conflicting versions of the facts given by the parties. Under such circumstances, Family Court's determination of credibility is entitled to great weight *(Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882, 883; *Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877, 878). It was entirely reasonable for Family Court to have discredited respondent's denial that the parties had relations after December 21, 1981 and, indeed, had no personal contact whatsoever except by telephone from then until the time that petitioner announced that she was pregnant. Proof was submitted that the parties were together at a social event in late February 1982 and, obviously, respondent's denials were inconsistent with his conduct in visiting with and supporting the child *(see, Ferro v Bersani,* 78 AD2d 1010, 1011, *affd* 59 NY2d 899).

It was likewise well within Family Court's discretion to deny respondent's request for an adjournment of the hearing on January 5, 1988 to secure the attendance and assistance of his former attorney, who had disqualified himself at a hearing the prior October, and for the ostensible purpose of producing evidence of having undergone a vasectomy in 1981. The court had once adjourned the proceedings at respondent's request in November 1987. Each of these belated and dubious requests were entirely out of order.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.