■ In the Matter of SYLVIA M., Respondent, v MARVIN W., Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from (1) an order of filiation of the Family Court, Kings County (Rood, H.E.), dated June 9, 1989, which adjudged Marvin W., to be the father of the subject child, (2) an order of the same court, also dated June 9, 1989, which directed him to pay child support in the amount of $55 per week and support arrears in the amount of $440, (3) an order of the same court, also dated June 9, 1989, which directed an income deduction, and (4) an order of the same court (Sparrow, J.), dated July 10, 1989, which denied his objections to the aforementioned orders.

Ordered that the appeals from the three orders dated June 9, 1989, are dismissed as those orders were superseded by the order dated July 10, 1989; and it is further,

Ordered that the order dated July 10, 1989, is affirmed, with costs.

Although the order of filiation is not appealable as of right, it may be reviewed on the appeal from the order dated July 10, 1989 (see, *Nancy V. v Raymond E. C.,* 75 AD2d 599; see also, *Matter of Jane PP. v Paul QQ.,* 64 NY2d 15).

The appellant's claim that the Family Court failed to advise him of his right to a blood test (see, Family Ct Act § 532 [a]; *Matter of Costello v Timothy R.,* 109 AD2d 933) is meritless. The record indicates that the appellant acknowledged, in writing, that he understood his rights, including his "right to blood tests to show that [he] [could] not be the father", and nevertheless consented to waive them. The appellant's conclusory and belated claim that he did not comprehend the clearly and simply written admonitions provided to him at the hearing does not furnish a basis for reversal. We have examined the appellant's remaining contention and find it to be equally without merit. Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.