■ In the Matter of CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LISA BOWEN, Appellant, v GREG BROWN, Respondent.—Order unanimously reversed on the law and the facts without costs, petition granted and matter remitted to Cattaraugus County Family Court for further proceedings, in accordance with the following Memorandum: Family Court erred in dismissing the petition in this paternity proceeding without making findings of fact (see, Matter of Commissioner of Social Servs. of County of Erie v Michel, 93 AD2d 997; see also, Augustine v Tandle, 47 AD2d 710). Nonetheless, there is a sufficient record before us to allow us to make the necessary findings (see, Matter of Commissioner of

*Social Servs. of County of Erie v Michel, supra; see also, Matter of Espin v Pierce,* 85 AD2d 503). On March 27, 1989, Bowen gave birth to a son after a full-term pregnancy. Thus, the period of conception was late June or early July 1988. Bowen testified that she had sexual intercourse with respondent on several occasions in June and July 1988. Respondent was present at the hearing before the Judicial Hearing Officer but failed to testify. We may infer, therefore, that he and Bowen did engage in sexual intercourse during the period of conception *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996; *see also, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141). Although Bowen admitted to having had sexual intercourse with two other men during the possible period of conception, HLA tests excluded the possibility that either was the child's father. Moreover, an HLA test result established a 97.5% probability that respondent was the child's father. We find, therefore, that respondent's paternity is established by clear and convincing evidence *(see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882; *Matter of Constance G. v Herbert Lewis L.,* 119 AD2d 209; *Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038; *see also, Matter of Commissioner of Social Servs. of County of Erie v Michel, supra; cf., Matter of Jane PP. v Paul QQ., supra),* and we remit the matter to Cattaraugus County Family Court for a hearing on the issue of support. (Appeal from Order of Cattaraugus County Family Court, Trost, J.H.O.—Paternity.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.