■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of MARY W., Appellant, v KENNETH L., Respondent.—Order unanimously affirmed without costs. Memorandum: Petitioner contends that Family Court erred in dismissing the petition in this paternity proceeding. Specifically, petitioner argues that the evidence compels a different result. We disagree.

Initially, we note that Family Court erred in dismissing the petition without making findings of fact as required by Family

Court Act § 165 and CPLR 4213 (b) *(see, Matter of Cattaraugus County Dept. of Social Servs. v Brown,* 176 AD2d 1205; *Matter of Commissioner of Social Servs. of County of Erie v Michel,* 93 AD2d 997). The record before us, however, is sufficient to enable us to make the requisite findings *(see, Matter of Cattaraugus County Dept. of Social Servs. v Brown, supra; Matter of Commissioner of Social Servs. of County of Erie v Michel, supra; Matter of Espin v Pierce,* 85 AD2d 503).

On April 29, 1990, Mary W. gave birth to a daughter after a full-term pregnancy. She testified that medical personnel told her that the child was born approximately 18 days late. She also testified that she had sexual intercourse with respondent on several occasions during the months of June through August 1989, and that during that period, she had sexual intercourse with no one other than respondent. The results of the HLA test were received in evidence and indicated a 99.65% probability that respondent was the child's father.

Respondent testified that he did not have sexual intercourse with Mary W. in 1989 until mid-September. Further, he testified that when she told him in mid-October 1989 that she was pregnant, she said she did not know who the father was. An expert witness called by respondent challenged that conclusion contained in the report of the HLA test results regarding the probability of paternity. She opined that an additional "marker" should have been used and that, based on the six markers that were used, approximately 45% of the United States Caucasian male population could not be excluded as the father.

Where, as here, there is conflicting testimony, the resolution of credibility issues made by the Trial Judge, sitting without a jury, is entitled to great weight *(see, Matter of Madison County Dept. of Social Servs. v Terry XX.,* 144 AD2d 821; *Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.,* 133 AD2d 882, 883; *Matter of Julie UU. v Joseph VV.,* 108 AD2d 1038, 1038-1039). Where, however, the evidence in the record compels a different conclusion, an appellate court will not hesitate to set aside Family Court's determination *(see, Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z., supra,* at 883-884; *Matter of Commissioner of Social Servs. of Erie County v Simons,* 87 AD2d 993).

Family Court's determination rested essentially upon a resolution of the credibility of the witnesses. Contrary to petitioner's contention, respondent's testimony was not "improbable" or incredible as a matter of law. Further, we reject

petitioner's contention that Family Court was required to find in its favor because the HLA blood test results indicated a 99.65% probability that respondent was the father. Those results, while considered to be "highly accurate on the issue of paternity" *(Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634), are not dispositive because that testing technique has not been recognized as conclusive of paternity *(see, Matter of Laura U. v Mark V.,* 156 AD2d 836, 837; *Matter of Terri OO. v Michael QQ.,* 132 AD2d 812, 813). Therefore, we find that petitioner failed to meet its burden of establishing respondent's paternity by clear and convincing evidence. (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.