In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of HEATHER L. H., Appellant, v CHARLIE S., Respondent.—Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in dismissing this paternity petition without making findings of fact (see, Matter of Cattaraugus County Dept. of Social Servs. v Brown, 176 AD2d 1205; Matter of Commissioner of Social Servs. of County of Erie v Michel, 93 AD2d 997). There is, however, a sufficient record before us to enable us to make the necessary findings (see, Matter of Cattaraugus County Dept. of Social Servs. v Brown, supra, at 1205; Matter of Commissioner of Social Servs. of County of Erie v Michel, supra). On June 13, 1990, Heather H. gave birth to a son after a full-term pregnancy. Heather H. testified credibly that she had engaged in a sexual relationship with respondent in August and September 1989, the approximate time of conception, and that she had not had sexual relations with any other man. The results of blood grouping tests established a 96.9% probability that respondent was the child's father. We find that petitioner made out a prima facie case (see, Matter of Bowling v Coney, 91 AD2d 1195; see also, Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F., 117 AD2d 877; Matter of Harnstein v Mike S., 107 AD2d 684).

We also find that respondent's proof was insufficient to cast doubt upon petitioner's prima facie case. Respondent admitted that he had attempted sexual intercourse with petitioner several times during the relevant time period but maintained that such acts were not completed because of his failure to achieve an erection, something he had been unable to do since 1981. Respondent's physician, however, testified that, according to respondent, his medication sometimes allowed him to achieve an erection. Respondent's witness, Rhonda Hamilton, testified that Heather H. had told her that another man was the father and that the other man had had access to Heather H. We conclude that Family Court should have granted petitioner's motion to strike that part of Hamilton's testimony

because of the lack of corroboration. Such testimony is not competent or admissible unless "corroborated by other facts and circumstances" (Family Ct Act § 531; *Matter of Dorn "HH" v Lawrence "II"*, 31 NY2d 154, *appeal dismissed sub nom. Fuchs v Silvester*, 409 US 1121; *Matter of Seeberg v Davis*, 84 AD2d 262). The remainder of Hamilton's testimony, to which no objection was raised, concerning her observations that she had seen Heather H. with another man did not establish that Heather H. had sexual intercourse with another man during the relevant time period. "The direct evidence of paternity in the record cannot be overcome by the mere innuendo of access by others" *(Matter of Commissioner of Social Servs. of Erie County v Simons*, 87 AD2d 993).

We find, therefore, that respondent's paternity is established by clear and convincing evidence, and we remit the matter to Erie County Family Court for a hearing on the issue of support. (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Paternity.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.