■ In the Matter of JENNIFER W., Respondent, v DWAYNE P., Appellant. In the Matter of DWAYNE P., Appellant, v JENNIFER W., Respondent. [28 NYS3d 368]—

Order, Family Court, Bronx County (Robert D. Mulroy, S.M.), entered on or about June 17, 2009, which, after a fact-finding hearing, determined that appellant Dwayne P. is the father of the subject child; order, same court (Sidney Gribetz, J.), entered on or about September 4, 2009, which denied appellant's objection to an order of the same Support Magistrate, dated July 8, 2009, directing him to pay $36 per week for child support; and order of dismissal, same court (Myrna Martinez-Perez, J.), entered on or about February 3, 2010, which dismissed the family offense petition commenced by Dwayne P., against respondent-respondent Jennifer W., unanimously affirmed, without costs. Appeal from orders, same court (same Support Magistrate), entered on or about March 11, 2009 and same court (Myrna Martinez-Perez, J.), on or about November 15, 2010, unanimously dismissed, without costs, as abandoned.

The Family Court's determination that appellant is the biological father of the subject child was supported by clear and convincing evidence (*Matter of Commissioner of Social Servs. v Martinez*, 96 AD2d 496, 496 [1st Dept 1983]). Under Family Court Act § 532, there is a rebuttable presumption of paternity if the results of genetic marker testing show that the probability of paternity is greater than 95%. In this case, the genetic test results indicated that there was a 99.99% chance that appellant was the child's father. The circumstantial evidence appellant relies upon and the arguments he makes are not sufficient to rebut this presumption.

The record supports the court's determination that appellant did not timely object to the child support order. In any event, Family Court's award of $36 per week in child support is amply supported by the record, and the lesser amount that appellant urges would have been proper, would have been "unjust [and] inappropriate" (Family Ct Act § 413 [d], [f]). The evidence and testimony reveal that appellant is capable of earning significantly more than he was receiving at the time of the support hearing, and he failed to produce evidence to show that he was actively seeking employment.

Finally, the Family Court properly dismissed appellant's family offense petition since, even giving the petition the broadest construction and the benefit of every possible inference, it does not allege the commission of a family offense.

We have considered appellant's remaining contentions, and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.