594

■ In the Matter of SUSAN W., Respondent, v AMHAD Q., Appellant.— In a paternity proceeding, the appeals are from (1) an order of the Family Court, Suffolk County, dated June 28, 1977, which, after a hearing, adjudged appellant to be the father of the petitioner's child and (2) an order of the same court, entered November 15, 1977, which directed the appellant to pay $20 per week for the support of the child. Appeal from order dated June 28, 1977 dismissed, without costs or disbursements. That is not an order of disposition (Family Ct Act, § 1112) and is reviewed on the appeal from the order entered November 15, 1977. Order entered November 15, 1977 affirmed, without costs or disbursements. Appellant admitted having sexual relations with petitioner over at least a four-month period, but he denied having sexual intercourse with petitioner during the time critical to conception. There was no probative evidence of any other men in petitioner's life during the year preceding the infant's birth. Where the determination rests basically on a resolution of credibility the finding of the Trial Judge, sitting without a jury, is accorded great weight (see, e.g., Stenzel v D'Agostino, 50 AD2d 1066; Matter of Renee K. v Robert P., 50 AD2d 604). The evidence, primarily petitioner's testimony, was sufficient to constitute clear, convincing and entirely satisfactory proof of paternity. Damiani, J. P., Titone, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BASSO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 9, 1978, and amended on January 11, 1978, convicting him of criminally negligent homicide, assault in the third degree (four counts) and various violations of the Vehicle and Traffic Law, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment not to exceed three years on the criminally negligent homicide count and 10 days on each of the other counts, with all sentences to run concurrently. Judgment, as amended, modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction for criminally negligent homicide to a definite term of one year, said sentence to be concurrent with the other sentences. As so modified, judgment, as amended, affirmed and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.