■ GEORGE G. JAYNES, Appellant, v JUDITH TULLA, Respondent.—Appeal from orders of the Family Court of Tompkins County, entered April 26, 1978 and May 2, 1978, which awarded respondent custody rights to the child, denied petitioner visitation rights and dismissed the petition for a declaration of paternity. On October 18, 1974, Judith Brandli gave birth, out

of wedlock, to a baby boy. On August 7, 1977, Judith Brandli committed suicide, having remained unmarried. Respondent, Judith Tulla, took the child under her care and custody, and has provided for him up to the present. Subsequent to August 7, 1977, petitions for the custody of the child were filed by Judith's mother, Charlotte Hamilton, her aunt and uncle, Virginia and Ronald Emery, a friend, Alexander Kobre, and respondent, the friend with whom the mother had left the child and whom she had designated to care for him. Preliminary hearings on the question of temporary custody and visitation were held on August 10, 1977 and November 4, 1977, after which temporary custody was granted to respondent, subject to visitation rights to Mrs. Hamilton and the Emerys. Although appellant was not present before the Family Court during the first two proceedings, that court did promptly direct that the alleged natural father be served with notice of the custody proceedings. Subsequently, appellant received notice of the proceedings on December 28, 1977, and thereafter he filed his petition for custody on December 30, 1977, and on February 8, 1978, his petition to establish his paternity. Hearings on the various custody petitions began December 28, 1977, and continued on December 30, 1977, January 17, 1978 and February 14, 1978, and the paternity petition of appellant was consolidated with the proceedings for custody. The court granted custody to respondent by orders dated April 26, 1978 and May 2, 1978, and dismissed appellant's petition to be adjudicated the father of the child. In the paternity proceeding, Family Court determined that appellant had failed to meet the burden of establishing paternity by "entirely satisfactory evidence". Appellant contends that the standard of evidence adopted by Family Court in a proceeding instituted by the alleged father in a paternity proceeding is incorrect, and that the burden he should be required to meet is to establish paternity by a preponderance of the evidence. Section 522 of the Family Court Act, as amended by chapter 665 of the Laws of 1976 (ch 665, § 6), authorizes "a person alleging to be the father" to commence a proceeding to establish the paternity of a child. "Section 522 was enacted not only to protect the welfare of a child born out of wedlock, but to indemnify the government for the expense of supporting the child (see *Matter of J.,* 50 AD2d 890; *Matter of Roe v Roe,* 65 Misc 2d 3350. Since the statute was primarily intended to insure that the child be financially provided for by the putative father and not the State, the effect of an order of filiation on the child's status is limited." *(Matter of Salvatore S. v Anthony S.,* 58 AD2d 867-868.)* Since the purpose of the amendment is to permit the acceptance of financial responsibility by the alleged father and not to impose a burden which he disaffirms in proceedings commenced by the mother or others authorized under section 522, the standard of evidence required in the alleged father's proceeding should be of a lesser degree than that of "entirely satisfactory evidence", and should only require the father to establish his paternity by a preponderance of the evidence (cf. *Raysor v Gabbey,* 57 AD2d 437; *People ex rel. Blake v Charger,* 76 Misc 2d 577). However, under the circumstances here, applying either standard of proof, it is evident that appellant has failed to establish his paternity of the child. Appellant's claim of paternity is based on an uncorroborated allegation of one instance of intercourse with the deceased, Judith Brandli, on or about February 15, 1974, and the hearsay testimony of his relatives and acquaintances who claimed to have heard Judith Brandli state that appellant was the father. Appellant, during the three and one-half years following the birth of the child on October 18, 1974, claimed to have seen the child three or four times, once from a distance. Appellant acknowledged that he had

supported neither the mother nor the child, that he had not attempted to see the child, nor had he made any effort to assume the role of a parent. Appellant's testimony of only one act of intercourse on February 15, 1974 would place the day of conception 245 days before the child's birth. Since the normal period of gestation using conception as the starting point is 266 days, appellant should have produced medical testimony to explain the alleged short period of gestation, which he failed to do *(Matter of Morris v Terry K,* 60 AD2d 728, 729; *Matter of Kathy "R" v Steven "S",* 47 AD2d 680; *Matter of Renee "G" v William "H",* 46 AD2d 823). "To permit a man to be recognized as the natural father based solely on his admission of paternity, after the death of the mother when she would not be available to testify to the contrary, would be extending parental rights to an individual who might not be legally entitled to same." *(Matter of Donna "P",* 80 Misc 2d 129, 130.)* Family Court properly dismissed appellant's petition to establish paternity of the child. In relation to the custody proceeding, appellant contends he was not given timely notice of the proceeding to his prejudice. On December 28, 1977 at the first hearing for permanent custody of the child, appellant was present and advised the court that he did not need a lawyer. In addition, he attended the hearings held on December 30, 1977, January 17, 1978 and February 14, 1978, when he was represented by counsel, and his individual petition for custody was before the court. Appellant's presence and testimony at the hearings cures the failure, if any, to give timely notice and, on January 17, 1978, he acknowledged that he had received notice of the proceedings which negates any claim of not having received notice. Appellant further contends that Family Court's dismissal of his petition for custody was erroneous. Since appellant was not adjudicated the natural parent of the child, a finding of "extraordinary circumstances" was not necessary in order to grant custody to respondent. The principles to be applied are the rights of the child and best interest of the child *(Matter of Bennett v Jeffries,* 40 NY2d 543; *Matter of Boatwright v Otero,* 91 Misc 2d 653). Appellant's failure to support or contact the child over a three-year period supports a finding of abandonment and neglect to the extent that he has failed to establish that an award of custody to him would be in the best interests of the child. It should be noted that the reports of the Law Guardian, probation officer and the psychologist who evaluated the parties, all recommend the award of custody of the child to respondent. Family Court properly dismissed appellant's petition for custody of the child. Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.