█ In the Matter of the ERIE COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of CHERYL PALAIMA, Appellant, v THOMAS BOYD, Respondent.—Order unanimously reversed, on the law and facts, without costs, and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Petitioner appeals from an order of Family Court which dismissed the petition in this paternity proceeding because petitioner failed to establish paternity by "clear and convincing evidence" (see Matter of Piccola v Hibbard, 51 AD2d 674, affd 40 NY2d 1035), the court holding that expert medical testimony was necessary to prove that the baby was born after a normal period of gestation.

Petitioner testified that she had intercourse with respondent on three dates: January 1 to 2, 1977, January 8, 1977 and January 11, 1977 and that her baby was a full-term baby born on September 26, 1977. Respondent admitted intercourse on January 11, 1977 but denied the prior incidents. The court found that the parties engaged in intercourse on the night of January 8, 1977 but not "prior to January 1, 1977." The court may take judicial notice that the normal period of gestation is 280 days measured from the last menstrual period (*Baranowski v Luciano,* 23 AD2d 815; *Erie County Bd. of Social Welfare v Holiday,* 14 AD2d 832). When impregnation occurs on a specific date, however, the period of gestation may be measured precisely and is 266 days (*Matter of Morris v Terry K.,* 60 AD2d 728; *Matter of Kathy L. R. v Steven S.,* 52 AD2d 974). The court's findings in this case establish that petitioner and respondent engaged in intercourse not less than 261 days before delivery, but in any event, not more than 268 days prior to delivery. That is well within the range of the normal period of gestation expected for a first pregnancy and expert evidence was not required (see *Matter of Morris v Terry K., supra; Matter of Suzanne J. v Russell K.,* 46 AD2d 935). Respondent further contends that even in the absence of expert testimony his paternity was not established. That decision, however, involves questions of credibility not considered by Family Court. We therefore remit to Family Court for further findings and determination. (Appeal from order of Erie County Family Court—paternity.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.