■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF THE COUNTY OF ERIE, Appellant, v DANIEL GIBSON, Respondent. — Order unanimously reversed, with costs, petition granted and matter remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In its decision trial court assumed the truth of petitioner's evidence, but made no specific finding. The court dismissed the petition as a matter of law for lack of expert testimony, because only 255 days elapsed between the alleged single act of sexual intercourse and the birth of the child, the court relying on *Matter of Suzanne "J" v Russell "K"* (46 AD2d 935). We agree that petitioner's evidence in this case should be accepted as true. We hold, however, that the 255 days is within the practical range of the normal period of gestation, and that expert testimony is not required in this case *(Matter of Erie County Comr. of Social Servs. v Boyd*, 74 AD2d 728; cf. *Jaynes v Tulla*, 70 AD2d 680, 682; and see *Matter of Morris v Terry K.*, 70 AD2d 1031; *Matter of Leonard v Couse*, 83 Misc 2d 631). On remission the court shall fix the amount which respondent must pay to

petitioner for confinement expenses which it paid and for the support of the child from the date petitioner undertook such support to this date, and the support payments which respondent must make for the child until her maturity. (Appeal from order of Erie County Family Court — paternity.) Present — Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.