■ In the Matter of CARMEN V., Respondent, v BRUCE R., Appellant. — In a paternity proceeding, the appeals are from (1) a decision of the Family Court, Queens County, dated February 26, 1980, which, after a hearing, adjudged appellant to be the father of the petitioner's child and (2) an order of the same court, dated July 21, 1980, which directed the appellant to pay $65 per week for the support of the child and an additional $25 per week toward a retroactive support award of $3,835. Appeal from the decision dated February 26, 1980 dismissed, without costs or disbursements. An appeal lies of right only from an order of disposition (Family Ct Act, § 1112). The decision is brought up for review on the appeal from the order of support dated July 21, 1980. Order dated July 21, 1980 modified, on the facts, by reducing the amount of the retroactive support award to $2,405. As so modified, order affirmed, without costs or disbursements. Since the petitioner's testimony concerning sexual relations between the parties is clear, consistent and uncontradicted, the only point of contention is her credibility. Petitioner admitted having previously lied about the identity of the child's father but gave "an understandable explanation which the trier of facts was entitled to accept" *(Matter of Schenectady County Dept. of Social Servs. v Hilvan RR, 57 AD2d 688, 689).* More specifically, appellant had urged petitioner not to disclose to the Department of Social Services that he was the father of the child in order to protect the income he was receiving from his mother for his medical studies. Moreover, there was no probative evidence of another man's access to petitioner during the time critical to conception. On the whole, the evidence was sufficient to constitute clear, convincing, and entirely satisfactory proof of paternity (see *Matter of Susan W. v Amhad Q., 65 AD2d 594).* Furthermore, the proceeding was not barred by the Statute of Limitations since the writings signed by appellant constituted an acknowledgment of paternity sufficient to toll the statute. However, there was no basis in the record for the Family Court having computed the amount of the retroactive support award merely by multiplying the present weekly support award by the number of weeks for which the child was entitled to retroactive support, since the expenses for the child in the prior period, unlike those for the child at present, did not include nursery school tuition and included a lesser rental expense. Accordingly, we have modified the retroactive support award so as to reflect these differences. Appellant's remaining contentions are without merit. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC BOLDEN, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Queens County, both rendered July 18, 1977, convicting him of manslaughter in the first degree (Indictment No. 1421-76) and attempted robbery in the second degree (Indictment No. 1751-76), upon pleas of guilty, and imposing sentences. Appeal from the judgment rendered upon Indictment No. 1751-76 dismissed. No notice of appeal from this judgment has been filed. Judgment rendered upon Indictment No. 1421-76 affirmed. The defendant, having failed to raise his objections to the adequacy of the plea allocution before the court of first instance, has not preserved the issue for appellate review as a matter of law (see *People v Warren,* 47 NY2d 740). We have considered the issue and conclude that reversal is not warranted in the interest of justice. Were we to consider the merits of the defendant's appeal from the judgment upon Indictment No. 1751-76, we would affirm that judgment for the same reason. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.