■ In the Matter of KAREN K., Respondent, v CHRISTOPHER D., Appellant. — In a paternity proceeding, the appeals are from (1) an order of the Family Court, Nassau County (Dempsey, J.), dated December 9, 1980, which denied the appellant's motion to disqualify the county attorney from acting as petitioner's legal counsel; (2) two orders of filiation of the same court both entered February 6, 1981, one as to each child, and (3) a further order of the same court (Comstock, J.), dated April 10, 1981, which set child support at $20 per week. Appeals from order dated December 9, 1980 and orders entered

February 6, 1981, dismissed, without costs or disbursements. Said orders are brought up for review upon the appeal from the order dated April 10, 1981. Order dated April 10, 1981 reversed, without costs or disbursements, two orders entered February 6, 1981, vacated and matter remitted to the Family Court, Nassau County, for further proceedings consistent herewith. Upon the appeals in this paternity matter, the appellant argues that the petitioner mother's testimony and the testimony of her witnesses are incredible, (2) the period of gestation substantially deviated from the norm, (3) the county attorney should not have been permitted to present the case, and (4) the hearing should not have continued in petitioner's absence. As for the first contention, it is clear that petitioner did not give the court a crystal clear story. However, the inconsistencies can be accounted for by the fact that petitioner was only 18 years old and that the acts of sexual intercourse occurred almost two years prior to the hearing. The resolution of this case depends on the credibility accorded each party's evidence. "Where the determination rests basically on a resolution of credibility the finding of the Trial Judge, sitting without a jury, is accorded great weight" (*Matter of Susan W. v Amhad Q.*, 65 AD2d 594; *Gloria R. v George P. L.*, 57 AD2d 892). Without circumstances, therefore, which would lead us to conclude that the Family Court's assessment of credibility was improper, we would affirm. Appellant's second contention presents a substantial problem. The period of gestation was 256 days from conception. The normal period is 266 days and if any substantial deviation from this norm exists, expert medical testimony is necessary prior to a finding of paternity (see *Matter of Morris v Terry K.*, 60 AD2d 728; *Jaynes v Tulla*, 70 AD2d 680; *Matter of Kathy "R" v Steven "S"*, 47 AD2d 680; *Matter of Erie County Comr. of Social Servs. v Boyd*, 74 AD2d 728; see, also, *Matter of Department of Social Servs. v Charles L.*, 78 AD2d 875). The gestation period in the case at bar was well without that range (see *Matter of Kathy "R" v Steven "S", supra* [258 days gestation]; *Matter of Margie "L" v Gary "M"*, 46 AD2d 935 [259 days gestation]; but see *Matter of Commissioner of Social Servs. of County of Erie v Gibson*, 78 AD2d 981 [255 days gestation]). The matter is remitted to the Family Court for new proceedings. At any new hearing expert medical testimony should be included. Note should be taken of the newly adopted sections 418 and 532 of the Family Court Act which permit the use of the human leucocyte antigen blood tissue test (HLA). This test is highly accurate on the issue of paternity and should be employed to avoid unnecessary litigation. Appellant's other contentions are without merit. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.