■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES, as Assignee of PATRICIA A., Respondent v PHILIP DE G., Appellant. — In a filiation proceeding, the appeals are from (1) an order of the Family Court, Queens County (Fogarty, J.), dated July 8, 1981, which adjudicated the appellant the father of a child born out of wedlock, and (2) an order of the same court, dated October 23, 1981, which directed that appellant pay $60 per week for the support of said child. Appeal from the order dated July 8, 1981 dismissed, without costs or disbursements. Said order is brought up for review upon the appeal from the order dated October 23, 1981. Order dated October 23, 1981 reversed, on the law, without costs or disbursements, order dated July 8, 1981 vacated, and petition dismissed. Although we hesitate to disturb the findings of fact of a hearing court, which, as trier of the fact, has the unique advantage of observing witnesses firsthand and thus is able to pass upon their credibility, intelligence and bias (*McLaughlin v McLaughlin,* 53 AD2d 729), nonetheless a

fair interpretation of the evidence in the case compels reversal. (See *Matter of Joan G. v Robert W.,* 83 AD2d 838; *Aronauer v Ohl,* 80 AD2d 592.) A critical element of proof necessary to sustain the petition is fatally absent in this case, viz., the date, or dates, upon which petitioner and appellant had sexual intercourse capable of causing the conception of the subject child, born January 9, 1978. Petitioner testified that she had met appellant in 1976, during which year they had social and sexual relations. In November of that year, petitioner stopped seeing the appellant, but resumed a relationship sometime in April, 1977. Petitioner then testified that she had realized she was pregnant the following May or June. Although she stated that she had continued to see appellant during her pregnancy and after the birth of her child, the only testimony she gave on her direct examination regarding sexual relations with appellant during 1977 was as follows: "Q. Did you continue to have sexual relations with the [appellant] after [your child] was born? A. For two or three months. Then no more after that." On cross-examination, petitioner's testimony concerning her sexual relations with appellant was essentially limited to the following: "Q. Your relationship with [appellant] of a sexual nature, didn't that exceed six months? A. Much more. Q. How much more; a year, two years? A. Two years." The only other evidence concerning the parties' sexual relations during 1977 was petitioner's testimony during an examination before trial, the transcript of which was offered into evidence at the filiation hearing. At the examination before trial, petitioner testified that she had had sexual intercourse with appellant in 1977, but could not remember when. She also testified that she had had a relationship with another man that had ended in 1977, and that she had had sexual relations with appellant both before and immediately after the termination of this other relationship. At the filiation hearing, petitioner stated that this other relationship had ended in March, 1977. Thus, although the evidence shows that petitioner and appellant had sexual relations during 1977, the only specific time fixed for these relations was by petitioner's testimony that the parties had had intercourse before and immediately after her termination of a relationship with another man in March of that year. There was no evidence of even the approximate day in March that this termination occurred, nor was there an indication of the 1977 dates when the parties had had intercourse before or after that unspecified March date. The subject child was born on January 9, 1978. There was some evidence in the record that it was born prematurely at 4 pounds, 13 ounces, after a 35-week gestation period. If believed, this would have placed the date of conception in early May, 1977. There was no evidence, however, to show that the parties had had sexual intercourse during this critical period. Only vague and imprecise evidence of the dates of their sexual intercourse was presented, which was incapable of sustaining petitioner's heavy burden of proof in this paternity proceeding, i.e., proof to the point of entire satisfaction by clear and convincing evidence. (*Matter of Lopez v Sanchez,* 34 NY2d 662; *Matter of Linda WW v William XX,* 69 AD2d 918; *Matter of Morris v Terry K.,* 60 AD2d 728.) Accordingly, the petition should have been dismissed. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.