## (September 7, 1982)

■ In the Matter of KAREN K., Respondent, v CHRISTOPHER D., Appellant. — Motion by petitioner-respondent, and cross motion by respondent-appellant, for reargument of appeals from four orders of the Family Court, Nassau County, one dated December 9, 1980, two entered February 6, 1981, and the fourth dated April 10, 1981, or for leave to appeal to the Court of Appeals from an order of this court, dated January 25, 1982, which determined said appeals (*Matter of Karen K. v Christopher D.,* 86 AD2d 633). Motion and cross motion denied insofar as they seek leave to appeal. Motion and cross motion granted insofar as they seek reargument. On reargument, this court's decision and order, both dated January 25, 1982, are recalled and vacated, and the following substituted decision is rendered: In a paternity proceeding, the appeals are from (1) an order of the Family Court, Nassau County (Dempsey, J.), dated December 9, 1980, which denied the appellant's motion to disqualify the County Attorney from acting as petitioner's legal counsel; (2) two orders of filiation of the same court (Dempsey, J.), both entered February 6, 1981, one as to each child; and (3) a further order of the same court (Comstock, J.), dated April 10, 1981, which set child support at $20 per week. Appeals from the order dated December 9, 1980 and orders entered February 6, 1981, dismissed, without costs or disbursements. Said orders are brought up for review upon the appeal from the order dated April 10, 1981. Order dated April 10, 1981, affirmed, without costs or disbursements. Upon the appeals in this paternity matter, the appellant argues that (1) the petitioner mother's testimony and the testimony of her witnesses are incredible, (2) the period of gestation substantially deviated from the norm, (3) the County Attorney should not have been permitted to present the case, and (4) the hearing should not have continued in petitioner's absence. As for the first contention, it is clear that petitioner did not give the court a crystal clear story. However, the inconsistencies can be

accounted for by the fact that petitioner was only 18 years old and that the acts of sexual intercourse occurred almost two years prior to the hearing. The resolution of this case depends on the credibility accorded each party's evidence. "Where the determination rests basically on a resolution of credibility the finding of the Trial Judge, sitting without a jury, is accorded great weight" (*Matter of Susan W. v Amhad Q.*, 65 AD2d 594; *Gloria R. v George P. L.*, 57 AD2d 892). Furthermore, we hold that the period of gestation did not substantially deviate from the normal range. Petitioner's testimony indicated that the earliest possible act of sexual intercourse from which conception could have occurred was on May 4, 1979, and that her twins were born on January 16, 1980. The period of gestation was thus at most 256 days from conception. Although there were subsequent acts of intercourse after May 4, 1979, the 256-day period may be used since conception could have occurred on that day. As this period is within the norm, expert medical testimony is unnecessary (see *Matter of Commissioner of Social Servs. of County of Erie v Gibson,* 78 AD2d 981, affd 55 NY2d 681 [255-day period]). Appellant's other contentions are without merit. Accordingly, there should be an affirmance. Mollen, P. J., Lazer, Gibbons and Bracken, JJ., concur.