■ In the Matter of SHERRY K., Appellant, v JOHN CARPENTER, Respondent. — Order unanimously reversed, on the law and facts, without costs, petition granted, and matter remitted to Jefferson County Family Court for further proceedings on the issue of support. Memorandum: Petitioner appeals from an order of Family Court which dismissed her petition to establish the paternity for a male child born to her on March 4, 1981. At the trial in Family Court, petitioner testified that she and respondent engaged in sexual intercourse sometime during the month of June, 1980. She asserted that this was the first time she had ever had sexual relations with anyone and that she had not had sex with anyone other than respondent during the possible period of conception. The sexual act took place in a camper parked outside her friend Cindy's house following a party where guests drank beer and smoked marihuana. Respondent admitted being at the party which occurred on June 13, 1980 but maintained he passed out after drinking alcohol and smoking marihuana. He did not deny having sexual relations with petitioner but claimed that he could not remember whether he did or not. However, respondent admits that when he woke up on the night of the party, he found petitioner lying naked on top of him with his pants and underpants down around his ankles. Respondent's sister who was also present at the party confirmed that her brother and petitioner were in bed together on that night. Cindy related that petitioner informed her on the day after the party that she had gone to bed and had sex with respondent. When petitioner failed to have her regular menstrual period in June, she went to Planned Parenthood in July where a test verified she was pregnant. Her last menstrual period was on or about May 20. The court received in evidence all medical records relating to the pregnancy and in the birth of the child, together with the results of the human leucocyte antigen blood test (HLA) which indicated that there was a 90.9% probability that respondent was the biological father. The evidence adduced at trial was clear and convincing and entirely satisfactory to establish a genuine belief that respondent is the father of petitioner's child. The record indicates that if the alleged single act of sexual intercourse took place on June 13, 1980, the period of gestation before the birth would be 264 days which coincides with the

normal period of gestation (*Matter of Commissioner of Social Servs. of County of Erie v Gibson,* 78 AD2d 981, affd 55 NY2d 681; *Matter of Erie County Comr. of Social Servs. v Boyd,* 74 AD2d 728). If the period of gestation is measured from petitioner's last menstrual period which occurred about May 20, 1980, the period of gestation would be approximately 288 days, which likewise would be within the range of the normal period of gestation expected for a first pregnancy (*Matter of Erie County Comr. of Social Servs. v Boyd, supra*). Section 532 of the Family Court Act was amended (L 1981, ch 9, § 2, eff March 2, 1981) to allow for the results of the HLA test to be received in evidence to assist the court in the determination of whether the alleged father is or is not the father of the child. Although Family Court received in evidence the results of the HLA tests, which indicated a 90% probability that respondent was the biological father of petitioner's child, the court apparently did not give any weight to such test as it failed to include this in its findings. Although results of an HLA blood tissue test are not conclusive, this test has been recognized as being highly accurate on the issue of paternity (*Matter of Karen K. v Christopher D.,* 86 AD2d 633, 634), and should have been considered by the court in its determination. (Appeal from order of Jefferson County Family Court, Gilbert, J. — paternity.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.