■ JOANNE R. LYNCH, Individually and as Mother of MICHAEL J. REPETTI and Others, Infants, et al., Respondents-Appellants, v MARIANN REPETTI, Individually and as Mother of NICHOLAS R. REPETTI and Another, Infants, et al., Appellants-Respondents, and JODI D. REPETTI, et al., Respondents. (Action No. 1.) MARIANN REPETTI, Formerly Known as MARIANN MILLER, Appellant-Respondent, v UNION CENTRAL LIFE INSURANCE COMPANY et al., Respondents. (Action No. 2.) — In two consolidated actions seeking, *inter alia,* a declaration of the rights of various beneficiaries and purported beneficiaries in the proceeds of certain insurance policies on the life of Robert P. Repetti, Sr., deceased, the appeal and cross appeal are from a judgment of the Supreme Court, Suffolk County (Aspland, J.), entered November 5, 1981, which, *inter alia,* directed that the proceeds of four of the policies be paid to the beneficiaries last designated by the decedent, that the proceeds of one policy be paid to respondent-appellant Joanne Repetti Lynch, and that the proceeds of the remaining seven policies be paid to the five children of decedent and Joanne Repetti Lynch, and declined to determine the amount of counsel fees. Judgment modified, on the facts, (1) by deleting from the second decretal paragraph thereof all words following the words "under and pursuant to said separation agreement" and by substituting therefor "each of the seven children of Robert P. Repetti, Sr., namely Jodi Dawn, Robert Peter, Jr., Leo Joseph, Anthony Peter, Michael Joseph, Nicholas Robert, and Christopher Richard, is an equal and one-seventh beneficiary of the following numbered policies of Union Central: 2638270, 2757243, 2791919, 2791220, 2803209, 2783184, and 2791918; and it is further", (2) by deleting from the third decretal paragraph thereof the words "the five children of Joanne and" and by substituting therefor the words "the seven children of", (3) by deleting from the seventh decretal paragraph thereof the words "and Joanne Repetti" through and including the words "in equal one fifth shares" and substituting therefor the words "in equal one-seventh shares", (4) by deleting from the eighth decretal paragraph thereof the words "that is, the children previously named herein together with Nicholas Repetti and Christopher Repetti" and (5) by deleting from the ninth decretal paragraph thereof the words "Joanne and" and by substituting the word "seven" for the word "five" therein. As so modified, judgment affirmed, without costs or disbursements. Joanne Repetti Lynch was decedent's first wife. They executed a separation agreement in which decedent agreed to keep policies of life insurance that he then maintained in full force and effect and which provided that "all the children shall be named equal beneficiaries thereof". At the time the agreement was entered into, decedent had fathered one child out of wedlock by Mariann Repetti and another was expected in two months. The testimony of the two attorneys involved in negotiating the agreement was contradictory, one saying that only the five children of decedent's marriage to Joanne Repetti Lynch were intended to be included and the other stating that Nicholas and Christopher, the children born or to be born to decedent and Mariann Repetti, were also contemplated. In determining facts based upon credibility, the decision of the trial court is normally accorded great weight (*Matter of Susan W. v Amhad Q.,* 65 AD2d 594). In the instant case, however, credibility was not the sole determinative factor. The original verified complaint, prepared by the attorney for Joanne Repetti Lynch who had also negotiated the separation agreement, contained

no objection to any changes of beneficiary executed by decedent which named Nicholas and Christopher as beneficiaries along with the other five children. Furthermore, in the "wherefore" clause of that original verified complaint, plaintiff requested relief in the form of an order directing that the proceeds of seven of the insurance policies be paid "to the deceased's seven children, ROBERT P. REPETTI, JR., JODI DAWN REPETTI, ANTHONY PETER REPETTI, LEO JOSEPH REPETTI, NICHOLAS ROBERT REPETTI and CHRISTOPHER RICHARD REPETTI and MICHAEL JOSEPH REPETTI". That pleading is an informal admission of the fact that the parties to the separation agreement intended to include all of decedent's children (Richardson, Evidence [Prince, 10th ed], § 217). The explanation offered by Joanne Repetti Lynch of the alleged erroneous admission is not compelling, and that admission warrants our factual finding that the parties to the separation agreement intended that all of decedent's children share equally in the proceeds of the insurance policies in question. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.