■ In the Matter of DEBBIE L. K., Respondent, v WAYNE Y., Appellant. — In a paternity proceeding pursuant to article 5 of the Family Court Act, the appeals are from (1) an order of the Family Court, Westchester County (Donovan, J.), dated April 26, 1982, which adjudged the appellant to be the father of the child and made temporary provision for his support, (2) an order of the same court, dated June 17, 1982, which, in effect, amended and resettled the order dated April 26, 1982, (3) an order of the same court, dated September 17, 1982, which, *inter alia,* directed appellant to make payments for the support of the child, (4) an order of the same court, dated October 19, 1982, which, upon the petitioner's motion to amend and resettle the order dated September 17, 1982 granted the same to the extent of granting her leave to resubmit an order for signature including on its face the mandatory caption required by subdivision 4 of section 440 of the Family Court Act relating to the warning concerning a possible finding of contempt for willful failure to comply with the order's directions concerning support, and (5) an amended permanent order of support of the same court, dated November 3, 1982, entered upon the order dated October 19, 1982. (We deem the notices of appeal from the orders dated September 17, 1982 and October 19, 1982 to be premature notices of appeal from the order dated November 3, 1982 [CPLR 5520, subd (c)].) Appeals from the orders dated April 26, 1982, June 17, 1982 and October 19, 1982, dismissed, without costs or disbursements. No appeal lies from such nondispositional Family Court orders (Family Ct Act, § 1112). Appeal from the order dated September 17, 1982, dismissed, without costs or disbursements. Said order was superseded by the order dated November 3, 1982. Order dated November 3, 1982, affirmed, without costs or disbursements. Appellant raises numerous issues on appeal. We have reviewed them and find all of his contentions to be without merit. The hearing court correctly determined that during the pendency of this proceeding, which was commenced in June, 1977, it could order appellant to submit to a human leucocyte antigen blood tissue test (HLA) pursuant to section 532 of the Family Court Act as amended by the Laws of 1981 (ch 9, § 2), effective March 2, 1981 (see *Merrill v Ralston,* 95 AD2d 177; *Matter of Carmen I. v Robert K.,* 109 Misc 2d 259; *Matter of Jane L. v Rodney B.,* 108 Misc 2d 709). A procedural statute, such as section 532, as amended, can be applied to pending cases (see McKinney's Cons Laws of NY, Book 1, Statutes, § 55; *Pataki v Kiseda,* 80 AD2d 100, 102, mot for lv to app dsmd 54 NY2d 831). Furthermore, appellant's argument that section 532 only authorizes a court to order a blood group test and not an HLA tissue test is meritless. Such an interpretation is founded neither in the statute nor the case law interpreting the statute (see *Matter of Jane L. v Rodney B., supra; Matter of Linda K. L. v Robert S.,* 109 Misc 2d 628). Moreover, such an interpretation would seem to thwart rather than further the legislative purpose for enacting the amendment to section 532, permitting these tests to be introduced into evidence. In this regard, appellant also argues that a proper foundation was not laid for the introduction into evidence of the HLA test results inasmuch as the person who performed the tests was not called to verify the test procedure and results. The test results, however, are admissible as business records where a proper foundation is laid (see CPLR 4518, subd [a]; *Matter of Carmen I. v Robert K.,* 110 Misc 2d 310). In sum, we find no errors in the various rulings made by the hearing court regarding the HLA test. Based upon the results of the test, which indicated a 94.2% percentage that appellant could be the

father, and the testimony of petitioner, the hearing court determined that petitioner sustained her burden of proving paternity by clear and convincing evidence. We find no error in that determination, which of necessity involved questions of credibility and thus must be accorded great weight (*Matter of Karen K. v Christopher D.,* 89 AD2d 955, 956). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.