■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, as Assignee of PATRICIA A., Respondent, v PHILIP DE G., Appellant. — In a filiation proceeding, the appeals are from (1) an order of the Family Court, Queens County

(Fogarty, J.), dated July 8, 1981, which adjudicated appellant the father of a child born out of wedlock, and (2) an order of the same court, dated October 23, 1981, which directed that appellant pay $60 per week for the support of said child. By order dated June 1, 1982, this court reversed the order dated October 23, 1981, on the law, vacated the order dated July 8, 1981, and dismissed the petition (*Matter of Commissioner of Social Servs.* [*Patricia A.*] v *Philip De G.*, 88 AD2d 911). On June 9, 1982 the Court of Appeals reversed the order of this court and remitted the case here for consideration of the facts (59 NY2d 137). Appeal from order dated July 8, 1981 dismissed, without costs or disbursements. Said order is brought up for review upon the appeal from the order dated October 23, 1981. Order dated October 23, 1981 affirmed. Respondent is awarded one bill of costs. Petitioner's child was born on January 9, 1978. The instant proceeding was commenced in her name by the Commissioner of Social Services of the City of New York, as the child is the recipient of aid to dependent families. The extended limitations period of subdivision (b) of section 517 of the Family Court Act was therefore applicable. Petitioner testified that she had relations with one man which terminated in March, 1977. In the middle of April, 1977, she resumed relations with appellant by whom she had previously become pregnant, resulting in an abortion in November, 1976. Petitioner realized she was pregnant in either May or June, 1977. Appellant did not testify, as is his statutory prerogative (Family Ct Act, § 531) but an inference may be drawn against him due to his failure to so testify, and, to the extent that *Matter of Renee K. v Robert P.* (50 AD2d 604) holds otherwise, it is overruled (see *Matter of Commissioner of Social Servs.* [*Patricia A.*] v *Philip De G.*, 59 NY2d 137, *supra*). The hospital records of the baby's birth were introduced in evidence pursuant to the business records exception to the hearsay rule. These indicated that the baby was born prematurely, following a 35-week period of gestation, and weighed four pounds and 13 ounces. It has been held that where, as here, the period of gestation (245 days) substantially deviates from the normal period (266 days), expert medical testimony is necessary prior to a finding of paternity (see *Matter of Kathy "R" v Steven "S"*, 47 AD2d 680, and cases cited therein). We hold, however, that the hospital records, introduced in evidence, although not subject to cross-examination, were sufficient to meet petitioner's burden of establishing paternity by clear and convincing evidence (cf. *Matter of Lopez v Sanchez*, 34 NY2d 662). Petitioner bears the burden of establishing each element of the cause of action by this standard (*Matter of Suzanne "J" v Russell "K"*, 46 AD2d 935). We take judicial notice that a liveborn infant weighing five and one-half pounds or less may be premature (2 Schatkin, Disputed Paternity Proceedings [4th ed, rev], § 25.05). The 35-week period of gestation would place conception at or about May 9, 1977, well after petitioner's relationship with the other man ended. Even if the birth were full term and of a normal gestation period, conception would have occurred on or about April 18, 1977. This date is, at a minimum, 18 days subsequent to the termination of the other relationship. The hospital records are clear and convincing so as to indicate that conception took place at a time when petitioner was having relations only with appellant. We hold that the mother's testimony, although not "crystal clear" (*Matter of Karen K. v Christopher D.*, 89 AD2d 955) was sufficient to establish appellant's paternity by the requisite burden of proof. The resolution of the case, apart from the issue of medical testimony, depends on the credibility of her testimony. "Where the determination rests basically on a resolution of credibility the finding of the Trial Judge, sitting without a jury, is accorded great weight" (*Matter of Susan W. v Amhad Q.*, 65 AD2d 594). We have reviewed appellant's other contentions and find them to be without merit. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.