■ In the Matter of BRADLEY W., Appellant, v MARY ANN N., Respondent.—Order reversed, on the law and facts, without costs, and petition granted, in accordance with the following memorandum: Petitioner appeals from an order denying his application to be declared the father of five-year-old Bradley N., the illegitimate son of respondent. On our review of the record, we reverse the contrary findings of Family Court and conclude that petitioner has established by a preponderance of the evidence that he is the father of Bradley N. *(see, Crane v Crane,* 81 AD2d 1033, *lv denied* 54 NY2d 609; *Jaynes v Tulla,* 70 AD2d 680, 681).

Bradley was born to respondent on September 18, 1980. Based on uncontradicted evidence, we find that petitioner and respondent lived together and had sexual intercourse regularly during the period when conception must have occurred. On January 1, 1980 and on numerous occasions from February through June 1980, respondent told petitioner that she was pregnant with his child. On October 26, 1981 at the child's baptism, respondent, in the presence of several witnesses, introduced petitioner to the priest as the father of Bradley and informed the child's godparents that petitioner was the father. There is extensive evidence in the record from several witnesses that respondent continuously stated that petitioner was the father of Bradley. Petitioner was present in the hospital at the time of Bradley's birth. Respondent, it is noted, has given the child the same first name as petitioner: Bradley. The child, with respondent's consent, resided with petitioner for 14 months and currently is residing with peti-

tioner's mother. Petitioner has consistently provided support for the child. An HLA blood test was administered, but the results were inconclusive.

In concluding that petitioner has established his paternity by a preponderance of the evidence, we find it appropriate, in view of respondent's failure to testify, to draw the strongest inference against her that the evidence submitted on behalf of petitioner permits (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141; Matter of Commissioner of Social Servs. of County of Erie v Michel, 93 AD2d 997).

The testimony is uncontradicted that petitioner is black, respondent is white, and Bradley has mixed racial characteristics. Petitioner, who acted as respondent's pimp while she engaged in prostitution, testified that respondent during the period critical to conception had sexual relations only with white males. This evidence was uncontradicted and, in view of respondent's failure to testify, we accept it as true and conclude that the proof of respondent's sexual activities as a prostitute is not inconsistent with our finding of paternity.

Any contrary findings of Family Court are reversed and replaced with findings consistent with this decision (see, CPLR 5712 [c] [2]).

All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). We should not substitute our judgment for that of the Trial Judge, who found that petitioner did not carry his burden of proving paternity by a preponderance of the evidence. The court noted that: "The petitioner would have met his burden of proof, without proving nonaccess by other men, had there been no testimony regarding respondent's alleged prostitution. In light of the unusual circumstances of this case, however, it cannot be said that he is the father of the respondent's child." It is thus evident that in Family Court's view, the evidence of respondent's activities as a prostitute during the period of conception was the determinative factor which tipped the scales against petitioner. The testimony of respondent's prostitution activities demonstrates that any number of men had sexual intercourse with respondent during the critical time period and could possibly be the father of respondent's child. Petitioner's proof did not conclusively rule out access by other black males. Furthermore, the HLA test here is inconclusive and of no assistance in helping to establish paternity. We should give great weight and defer-

ence to the fact finder's determination as to the credibility of witnesses (see, Matter of Ferguson v Gonyou, 110 AD2d 1084; Matter of Karen K. v Christopher D., 89 AD2d 955, 956; Matter of Susan W. v Amhad Q., 65 AD2d 594, lv denied 46 NY2d 1037).

In his decision, the Judge recognized the permissible inference that he was entitled to draw against respondent based upon her failure to testify. The court chose not to draw such a negative inference reasoning that: "In order to defend herself, [respondent] would have to show access by other men. There is the likelihood that such a defense would require the respondent to admit to prostitution. Since petitioner has already testified on this issue, against his interest, there is no reason why the respondent should be required to put in any more of a defense." Since the inference is clearly a permissible one which Family Court was aware of but chose not to apply, we should do likewise.

Thus, in my view, the record supports Family Court's conclusion that petitioner did not carry his burden of proving paternity by a preponderance of the evidence. (Appeal from order of Oneida County Family Court, Flemma, J.—paternity.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.