■ In the Matter of JUANITA V., Respondent, v PAUL J. Lo P., Appellant.—In a paternity proceeding pursuant to Family Court Act article 5, the appeals, by permission, are from (1) an order of the Family Court, Kings County (Palmer, J.), dated March 25, 1983, adjudging appellant to be the father of a child born out of wedlock, and (2) a resettled order of filiation of the same court, dated March 29, 1983.

Appeal from the order dated March 25, 1983 dismissed, without costs or disbursements. That order was superseded by the resettled order dated March 29, 1983.

Resettled order dated March 29, 1983 affirmed, without costs or disbursements.

Petitioner was divorced on February 18, 1980. She testified that she met appellant, a bus driver then on a 4-12 midnight

shift, in January 1981, on the bus that he was driving; that thereafter he came to her apartment on a number of occasions; that they had sexual relations there on the night of February 4, 1981; and that between February 4 and August 29, 1981, they had sexual relations about "Thirty times, I guess. Twenty five". She kept a record in her diary indicating the occasions upon which she had sexual relations with appellant. In March 1981 she learned that she was pregnant. On November 3, 1981 she gave birth to a child. She asserts that appellant is the father of the child. She produced greeting cards allegedly handprinted by appellant and given to her.

The results of a human leucocyte antigen (HLA) test taken of petitioner, appellant and the child were admitted into evidence at the fact-finding hearing (see, Family Ct Act § 532). The HLA test report stated under the heading "Calculations of Plausibility of Paternity" that the "Combined Paternity Index" was 96.4% and that the "Plausibility of Paternity" was 99%.

Appellant testified that he was a driver on the subject bus route from January to June 1981; that "I may have spoken to her on the bus, but I don't recall"; that he had never been to her apartment from January through September 1981; and that he had never had sexual relations with her.

The Family Court found that petitioner had established by clear and convincing evidence that appellant is the father of the child. The court stated that "even without the test I would have found the petitioner's testimony far more credible" than that of appellant.

The determination as to paternity rested basically on a resolution of credibility. We find no reason to disturb the trial court's assessment of credibility and conclude that the testimony, evidence and HLA test results (see, Matter of Department of Social Servs. v Thomas J.S., 100 AD2d 119, appeal dismissed 63 NY2d 675; Matter of Sherry K. v Carpenter, 90 AD2d 687) establish by clear and convincing evidence that appellant is the father of the subject child. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.