In the Matter of SHIRLBARRY REALTY COMPANY, Appellant, v VILLAGE OF MONTICELLO et al., Respondents.

Third Department, January 21, 1988

APPEARANCES OF COUNSEL

*Stephen Paul Blank, P. C. (Richard I. Cantor* of counsel), for appellant.

*Willis & Ng (Peter J. Ng* of counsel), for Village of Monticello, respondent.

*Robert M. Rosen* for Town of Thompson, respondent.

## OPINION OF THE COURT

WEISS, J.

Petitioner commenced nine separate proceedings pursuant to RPTL article 7 against respondents, the Town of Thompson and the Village of Monticello,[1] to review tax assessments on certain real property located in Sullivan County. The focus of this appeal is whether an appraisal that petitioner filed on July 15, 1985 was properly rejected by Supreme Court as untimely.[2]

On June 21, 1985, petitioner filed a note of issue specifying that its June 1981 proceeding against the village was ready for trial. Notably, at this juncture, 8 of the 9 proceedings were then pending. Petitioner thereafter filed an appraisal with the Administrative Judge of the Third Judicial District as required by the rule then in effect in the Third Department *(see,* 22 NYCRR former 839.3, renum 22 NYCRR former 839.2). Significantly, the governing rule required the filing of appraisal reports with the Administrative Judge within six months after a proceeding was commenced. On August 27, 1985, petitioner commenced a ninth proceeding against the town for the 1985-1986 tax year. Thereafter, on January 6, 1986, the Uniform Rules for Trial Courts became effective, including a provision requiring the exchange and filing of appraisal reports at the direction of the assigned Judge during a pretrial conference, or up until 10 days before trial *(see,* 22 NYCRR 202.59 [e]). By directive dated April 21, 1986, the Administrative Judge notified all Third Judicial District village and town attorneys that the former rules would continue

---

1. Five proceedings were commenced against the town concerning the tax years 1981-1982 through 1985-1986. The four proceedings against the village concerned the tax years 1981-1982, 1983-1984, 1984-1985 and 1985-1986.

2. Although reference is made to an amended appraisal report in the village's brief, no such report is referred to in the record on appeal and thus need not concern us.

to apply to tax certiorari proceedings pending on the pretrial calendars prior to January 2, 1986, and that noncompliance with the six-month exchange provision would preclude the use of an untimely filed appraisal at trial. In the meantime, petitioner filed a second note of issue on January 10, 1986 relative to its eighth proceeding commenced June 17, 1985 against the village. Thereafter, all nine proceedings were consolidated for trial, on the eve of which the town moved to strike the July 15, 1985 appraisal as untimely. Without elaboration, Supreme Court granted the town's motion, striking the appraisal with respect to all nine proceedings. This appeal ensued.

The determinative question presented is whether the new or old rules govern the timeliness of the appraisal filing. It is evident that the appraisal, at least insofar as the first seven proceedings are concerned, did not come within the six-month exchange provision set forth in 22 NYCRR former 839.2 (a). To avoid this default, petitioner urges that 22 NYCRR 202.59 (e) should govern the disposition of this appeal on the general premise that the law is to be applied as it exists at the time of the court's decision (see, Matter of Asman v Ambach, 64 NY2d 989, 990; Gallewski v Hentz & Co., 301 NY 164, 172). All parties agree that the appraisal would be timely under a literal application of this provision. Alternatively, should the old rule apply, petitioner maintains that there was good cause for the delay in filing so as to excuse the default pursuant to 22 NYCRR former 839.2 (e).

Without question, 22 NYCRR 202.59 represents an abrupt departure from its former counterpart, for it anticipates the filing of an appraisal as late as 10 days prior to trial. This new rule does not contain any express provision for retroactive application, but "shall apply to every tax assessment review proceeding" pursuant to RPTL article 7 (22 NYCRR 202.59 [a]). Where otherwise appropriate, we agree that the new rule applies to proceedings pending on January 6, 1986 (see, Matter of Colt Indus. v Finance Adm'r of City of N. Y., 54 NY2d 533, 542-543; Matter of Debbie L. K. v Wayne Y., 96 AD2d 888, lv denied 60 NY2d 558; McKinney's Cons Laws of NY, Book 1, Statutes §§ 51, 55). This does not mean, however, that the new rule retrospectively applies to matters that have transpired prior to the effective date (see, McKinney's Cons Laws of NY, Book 1, Statutes § 55, at 117). As indicated, petitioner failed to file the appraisal within the six-month exchange provision in the first seven proceedings. We perceive little indication that

the uniform rules were designed to alleviate a party from such a default *(see, Matter of Slewett & Farber v Board of Assessors,* 54 NY2d 547, 555-556). While we recognize that the June 1985 note of issue only placed the June 1981 proceeding against the village on the pretrial calendar prior to the effective date of the new rule, petitioner's default in the first seven proceedings remains intact. Nor has petitioner demonstrated good cause for the delay in filing. Accordingly, the appraisal was properly deemed untimely with respect to these proceedings.

A different result pertains to the eighth and ninth proceedings commenced June 17, 1985 against the village and August 27, 1985 against the town. As to both proceedings, the appraisal was filed within six months, and thus timely even under the former exchange rule. In so holding, we recognize that the appraisal was actually filed before the ninth proceeding was commenced. The former regulation, however, simply imposed a deadline for filing and did not require that a proceeding be commenced before an appraisal was filed (22 NYCRR former 839.2 [a]). Such construction is particularly apt where, as here, the appraisal covers more than one tax year. It follows that Supreme Court erred insofar as the appraisal was stricken in these two proceedings.

MAHONEY, P. J., YESAWICH, JR., and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion and struck the appraisal report with respect to the proceedings commenced June 17, 1985 and August 27, 1985; motion denied to that extent; and, as so modified, affirmed.