■ In the Matter of LORI H., Appellant, v MATTHEW I., Respondent.—Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered January 12, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.

On August 24, 1988 petitioner gave birth to her son, who was born out of wedlock. Petitioner commenced this paternity proceeding seeking a declaration that respondent was the father. Following a hearing, Family Court dismissed the petition. The central issue on this appeal is whether petitioner has failed to establish paternity by clear and convincing evidence (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996).

The pertinent facts revealed from petitioner's direct and cross-examination at a hearing held on December 20, 1989

---

follow. Petitioner and respondent engaged in sexual intercourse on four specific occasions, to wit: December 21, 23 and 26, 1987 and January 3, 1988. Petitioner's last menstrual period during that time was December 12, 1987. Petitioner testified that she had not engaged in sexual intercourse with any other man except respondent from December 1, 1987 through January 31, 1988. On cross-examination petitioner admitted having sexual intercourse with her previous boyfriend on numerous occasions after January 1987, but claimed that sexual activity with him ended in late October 1987, although she was unable to recall the exact date. Respondent did not testify and failed to submit any proof in opposition to petitioner's testimony. Petitioner was determined to have had a 36-week or 252-day gestation period, which may have had a deviation of plus or minus one week.

Using the first day after petitioner's last menstrual period and the date of the birth of her son, it appears that the duration of petitioner's pregnancy was 256 days, which is in accordance with her gestation period but short of the normal variance of 265 to 299 days (see, Matter of Moon v Kenneth NN., 158 AD2d 876). However, using the date of the birth of petitioner's son and a gestation period of 245 to 259 days, it appears that the date of conception for the child was sometime between December 8 and December 22, 1987. The record clearly demonstrates that the parties engaged in sexual intercourse on December 21, 1987, bringing respondent within the date of conception measurement.

We recognize that where a determination rests basically on a resolution of credibility, a finding by a Trial Judge, sitting without a jury, should be accorded great weight (Matter of Kwan M., 159 AD2d 707; Matter of Morris v Terry K., 60 AD2d 728, 729). However, where the evidence in a particular case compels a different conclusion we should not hesitate to reverse (see, Matter of Seeberg v Davis, 84 AD2d 262, 263). In the case at bar, Family Court was not confronted with a case of conflicting testimony which had to be resolved. Petitioner's testimony was uncontroverted. There was no evidence of sexual relations on the part of petitioner with any man other than respondent from December 1, 1987 through January 31, 1988. Family Court, however, clearly inferred that petitioner had engaged in other sexual relations during the relevant time period, which inference we determine to have been highly speculative (see, supra). Additionally, the medical records introduced into evidence explained the variance from the gestational norm by indicating that the child was born

prematurely *(see, Matter of Otsego County Dept. of Social Servs. v Raymond G.,* 103 AD2d 919, 920, *affd* 66 NY2d 901). The human leucocyte antigen test indicated a 96.6% probability that respondent was the father of the child *(see, Matter of Commissioner of Franklin County Dept. of Social Servs. v Clarence F.,* 117 AD2d 877). Finally, respondent failed to testify, thus permitting the strongest inference to be drawn against him that petitioner's evidence permitted *(e.g., Matter of Commissioner of Social Servs. v Phillip De G.,* 59 NY2d 137, 139).

We conclude that petitioner established by clear and convincing evidence that respondent is the father of her child. Therefore, the order must be reversed and the matter remitted to Family Court for consideration of support and such other relief as may be appropriate.

Order reversed, on the law and the facts, without costs, respondent adjudicated to be the father of petitioner's child and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.