■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of YVONNE W., Appellant, v DAVID R., Respondent. [632 NYS2d 735] —Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: After a hearing in this proceeding commenced by petitioner to establish the paternity of the child born to Yvonne W., Family Court dismissed the petition. We reverse.

"The burden of proof in a paternity proceeding rests upon the petitioner, who must establish paternity by ' "clear and convincing" evidence, evidence which is "entirely satisfactory" and creates a genuine belief that respondent is the father of the child' * * * [citation omitted]" (Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996). Although the fact-finder's decision is to be accorded great weight (Matter of Ferguson v Gonyou, 110 AD2d 1084), reversal is appropriate if the evidence compels a different result (see, Matter of Lori H. v Matthew I., 171 AD2d 991, 992).

Yvonne W. established prima facie that respondent is the father of her child. She testified credibly that she and respondent had engaged in sexual intercourse on April 16, 1992, and that, during the period of possible conception, she had not had sexual relations with anyone other than respondent. The Human Leucocyte Antigen (HLA) test indicated a 99.95% probability of respondent's paternity. Although respondent did not deny that he had slept with Yvonne W. on April 16, 1992, he testified that he was too intoxicated to engage in sexual intercourse. Nevertheless, respondent could not unequivocally rule out having had sexual intercourse with her, admitting that he could not make a medical judgment whether he was "impaired to the point that I couldn't perform or if I was." Further, respondent did not offer any proof to controvert petitioner's testimony of non-access with other men during the relevant period.

We reject the contention of respondent that the date of conception rules him out as the child's father. That date need not be established to a medical certainty (see, Matter of Nancy M. G. v James M., 148 AD2d 714, 716). Counting from April 16, 1992, the date of conception according to Yvonne W., the child

was born at the end of the 37th week of pregnancy. The parties stipulated that 38 to 42 weeks is a normal gestation period. A discrepancy of a few days between the 37th and 38th week does not establish that the child was premature (see, Matter of Lori H. v Matthew I., supra, at 992). Further, the court made a specific finding that the child was not premature.

The court failed to consider Yvonne W.'s denial of sexual relations with other men during the period of possible conception even though it was not controverted. It is undisputed that respondent and Yvonne W. were in bed together on April 16, 1992. Yvonne W. swore under oath that there was sexual intercourse. Respondent's denial was at best speculative.

HLA test results, while not conclusive, are considered to be highly accurate on the issue of paternity and should be accorded strong evidentiary value (Matter of Commissioner of Social Servs. [Mary W.] v Kenneth L., 188 AD2d 1080, 1082; Matter of Bowling [Morgan] v Coney, 91 AD2d 1195, 1196). Nevertheless, the court gave no significance to the HLA test result and, in its decision, made no reference to it. That omission seriously affected the validity of the court's determination. The HLA test revealed a high probability of respondent's paternity and the court should not have ignored its strong probative weight (see, Matter of Sherry K. v Carpenter, 90 AD2d 687, 688).

We conclude that respondent's paternity is established by clear and convincing evidence and remit the matter to Niagara County Family Court for a hearing on the issue of support (see, Matter of Erie County Dept. of Social Servs. [Heather L. H.] v Charlie S., 190 AD2d 1024; Matter of Lori H. v Matthew I., supra; Matter of Sherry K. v Carpenter, supra). (Appeal from Order of Niagara County Family Court, Halpin, J.—Paternity.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.