In the Matter of SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LINDA P., Respondent, v GEORGE Q., Appellant. [652 NYS2d 825] —Yesawich Jr., J. Appeals (1) from an order of the Family Court of Schoharie County (Lamont, J.), entered October 7, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to Linda P., and (2) from an order of said court (Lamont, J.), entered June 9, 1995, which, *inter alia*, directed respondent to pay for support of his child.

Having been adjudicated the father of a child born out-of-wedlock to Linda P. (hereinafter the mother), and thereafter directed to pay support for that child, respondent has separately appealed from each of Family Court's orders. Since no appeal lies as of right from a filiation order made in the context of a petition that also seeks support, respondent's first appeal must be dismissed (*see, Matter of Westchester County Dept. of Social Servs. v Jose C.*, 204 AD2d 795, 797). Nevertheless, respondent's timely appeal from the final support order brings up for review his challenge to the paternity determination (*see, id.*).

Respondent contends that the petition should have been dismissed for lack of proof. We disagree, for even absent the blood test results (which petitioner claims were inadmissible) indicating a 99.97% probability of paternity, the remainder of the evidence clearly and convincingly demonstrates that he is the child's father (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141-142). Notably, the mother's testimony—the material portions of which Family Court expressly found "frank", "candid" and entirely worthy of

belief, an assessment that is entitled to great weight (*see, Matter of Lori H. v Matthew I.*, 171 AD2d 991, 992)—established that she had intercourse with two men during the relevant time period, respondent and another who, as a result of previously administered blood genetic marker tests, was ruled out as the child's biological father (*see, Matter of Beaudoin v Robert A.*, 199 AD2d 842, 843; *Matter of Westchester County Dept. of Social Servs. v Jose C., supra*, at 797). Neither respondent's contrary testimony, which the court adverted to as "concocted and contrived", nor that of his other witnesses, which does not directly controvert the mother's account, provides any basis for reaching a result other than that arrived at by Family Court (*see, Matter of Beaudoin v George D.*, 145 AD2d 879, 880). Hence, although we do not consider the admission of the test results to have been improper under the circumstances (*cf., Matter of Baby Girl S.*, 140 Misc 2d 299, 304), particularly in view of respondent's earlier request for DNA testing, any error in that regard would have been harmless.

Respondent's assertion that he was denied the effective assistance of counsel is equally unconvincing.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the appeal from the order entered October 7, 1993 is dismissed, without costs. Ordered that the order entered June 9, 1995 is affirmed, without costs.