■ In the Matter of THOMAS P. HOKE, as Broome County Commissioner of Social Services, on Behalf of SHERYL AA., Respondent, v RONALD Z., Appellant. [654 NYS2d 219] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered November 27, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent the father of a child born to Sheryl AA.

In December 1994, petitioner filed the subject paternity petition on behalf of Sheryl AA. (hereinafter the mother) in Family Court alleging that respondent was the biological father of a son born to her on October 16, 1980. The record indicates that since the birth of the child four other paternity petitions have been commenced against respondent but all have been dismissed without prejudice due to the unavailability of respondent, caused principally by his incarcerations. At the fact-finding hearing in this case, the mother testified that she met respondent in 1979 in the City of Binghamton, Broome County. According to the mother, she and respondent engaged in unprotected sexual intercourse a few times in 1979 and several times in January 1980. She further testified that she realized she was pregnant late in January 1980 and her son was born around his due date. The mother denied having sexual relations with anyone other than respondent during the probable period of conception.

In his testimony, respondent admitted having a sexual relationship with the mother after meeting her in September 1979 and indicated that birth control was never used. Respondent also testified that he did not have sexual intercourse with the mother after late November 1979. The mother's medical records were submitted into evidence at the hearing.[1] However, Family Court granted a motion by respondent to exclude the results of blood genetic marker tests on the basis of an irregularity with respect to the documentation regarding certification of the records. After the hearing, Family Court found that petitioner had established, through clear and convincing evidence, that respondent was the biological father of the child. Respondent appeals.[2]

We affirm. It is well established "that a determination of paternity rests essentially upon a resolution of the credibility of the parties" (*Matter of St. Lawrence County Dept. of Social Servs. [Julie D.] v Terry E.*, 229 AD2d 672, 674). Here, Family Court had the opportunity to observe the demeanor of the parties and its findings on issues of credibility are entitled to great weight (*see, Matter of Sullivan County Dept. of Social Servs. [Sherri P.] v Praytush O.*, 223 AD2d 972). Although respondent is correct in pointing out that the mother's recollections of some of the details surrounding her long-distant relationship with respondent were somewhat hazy, she consistently testified that respondent was the only man who could have fathered her child. Under the circumstances, we find no error in Family Court's decision crediting the mother's testimony and rejecting respondent's suggestions to the contrary (*see, Matter of Commissioner of Social Servs. v Philip De G.*, 97 AD2d 760; *Matter of Susan W. v Amhad Q.*, 65 AD2d 594, *lv denied, lv dismissed* 46 NY2d 712, *lv dismissed* 46 NY2d 1037).

Respondent's remaining arguments have been examined and found to be lacking in merit.

---

1. The mother's medical records indicate that her last menstrual period prior to the birth of her son was "1/1/80" and her "expected date of confinement" was "10/20/80".

2. We note that respondent appeals from the order of filiation although such is not normally appealable as of right (*see*, Family Ct Act § 1112 [a]; *Matter of Jane PP. v Paul QQ.*, 64 NY2d 15). However, the record indicates that although the petition requests support, it was apparently understood by the parties at the hearing that petitioner was only seeking to establish paternity. Thus, Family Court's filiation order states only that the parties could reapply to the court "at any time with regard to current support and confinement expenses". To the extent this order cannot be viewed as an order of disposition, we grant respondent leave to appeal *sua sponte* (*see, Matter of Broome County Dept. of Social Servs. [Dawn Y.] v Walter Z.*, 149 AD2d 756, 757, n).

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.